TEXAS ALCOHOLIC BEVERAGE COM-MISSION, Appellant,

v.

NATIONAL SPORTSMEN FRATERNAL ORDER OF TEXAS, INC., Appellee.

No. 16107.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 3, 1973.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, E. Bruce Curry, Asst. Attys. Gen., Austin, for appellant.

No brief filed for appellee.

COLEMAN, Chief Justice.

This is an appeal from a judgment of the District Court of Harris County, Texas, setting aside a ruling of the Administrator of the Texas Alcoholic Beverage Commission denying appellee's application for a Private Club Exemption Certificate Permit. The trial was had under the substantial evidence rule. There are no findings of fact or conclusions of law. Appellee filed no brief.

Appellee filed an application for a Private Club Exemption Certificate Permit for the premises located at 8130 Rockford Street, Houston, Harris County, Texas. The Commission requires that such an application be accompanied by a "Form 2–84" affidavit of tax exemption. The Tax Assessor-Collector of Harris County did not issue the affidavit in a form acceptable to the Commission. It appears that he issued an affidavit in some form, but no copy of this affidavit is in the record. Appellee filed a form 2–84 affidavit issued by the Liberty County Tax Assessor-Collector. The instructions accompanying the application form provided by appellant provide:

"5. To substantiate that the organization is exempt as a bona fide Veteran or Fraternal Club, Form 2–84 must be completed by your local County Tax Assessor-Collector and submitted with your application.

"6. If the organization cannot obtain an Exemption Certificate from the County Tax Assessor-Collector, the Club must apply for a Private Club Registration Permit on Form 2–79 and pay the necessary permit fees."

The Commission denied the application on the following grounds:

"1. That no part of the location for which applicant seeks a Private Club Exemption Certificate Permit, or any other property in Harris County owned by applicant, is exempt, or would be exempt, from taxation under Article 7150, Revised Civil Statutes of Texas, 1925 as amended.

"2. That no property owned by applicant is exempt, or would be exempt, from taxation under Article 7150, Revised Civil Statutes of Texas, 1925, as amended on grounds that applicant is a fraternal or veterans organization."

Section 12, Art. 666–15e, Vernon's Penal Code, provides:

"12. The permit fee imposed . . . , and the requirement that regular food service must be provided and the prohibition on payment by cash, . . . shall not apply to any fraternal or veterans organization any part of whose property is exempt, or would be exempt from taxation under Article 7150, Revised Civil Statutes of Texas, 1925, as now or hereafter amended. All other provisions of Section 15(e) of Article 1, Texas Liquor Control Act, as amended, . . . shall apply to any such organization from and after September 1, 1971, except that the requirement that such club shall hold a Private Club Registration Permit shall be satisfied by a certificate issued by the Commission to the effect that such club is an exempt organization under the provisions of this subsection."

Art. 7150, Vernon's Ann.C.S., provides:

"The following property shall be exempt from taxation, to wit:

"Sec. 21. Property owned or used exclusively and reasonably necessary in

conducting any association engaged in the educational development of boys, girls, young men or young women through a program designed to demonstrate the operation of the American business system of private enterprise and operating under a State or National organization of like character.

"Sec. 22. The property of all fraternal organizations shall be exempt from taxation for so long as the property is owned and used for charitable, benevolent, religious, and educational purposes, and is not in whole or in part leased out to others, or otherwise used with a view to profit.

"The term 'Fraternal Organization' as used in this Act shall mean, 'a lodge, or lodges, engaged in charitable, benevolent, religious, and educational work.'

"However, this Act shall not apply to any fraternal organization or lodge which pays to its members, either directly or indirectly, any type of insurance benefit . . . ; neither shall any organization which shall directly or indirectly participate or engage in any political activity, either in support of or in opposition to any candidate seeking any public office, have or be entitled to benefits as provided under this act."

Mr. Russell L. Hayes, appellee's president, testified at the trial that appellee was a national organization with a number of local lodges. Alcoholic drinks are served to members and guests, who furnish their own alcoholic liquor, for a service charge. Appellee collects dues from its members, but its principal source of revenue comes from service charges collected at benefits and entertainments. Appellee has five lodges in Harris County. The lodges have no employees. The officers and committees do the work except on special occasions when they hire a catering service or arrange for others to do the work for tips. The officers receive no pay, although at times they receive compensation for equipment leased to the lodge.

The lodge contributed to a fund for a policeman killed in the line of duty. Its principal charitable projects are the Eliza Johnson Home for The Aged and the Sickle Cell Anemia Foundation. It has a college fund for T.S.U. and Prairie View Students but because of legal harassment by various officials no substantial amount of money has been raised to support these projects. The lodge is interested in the Boy Scouts, summer programs, and the United Fund. The lodges either own or have lease-purchase agreements on all of their facilities.

The organization was incorporated under the Texas Non-profit Corporation Act. The charter forbids the corporation from engaging in "day to day activities in the pursuit of any business for profit." It contains a provision that it "shall operate exclusively as a non-profit charitable and fraternal organization, the net income and assets of which shall be used only for the purposes above stated."

The charter also contains this provision:

"The National Sportsman's Fraternal Order of Texas, Inc., hereby agrees that it will assume all the obligations of Sportsman's Fraternal Order, Inc. under those certain Burial Plans which Sportsman's Fraternal Order, Inc. now has in effect and that such Plans shall continue unaffected and unimpaired by these amendments . . . ."

The only evidence that the corporation or any of its lodges owns property which could be exempted from taxation is the testimony that they own or have lease-purchase agreements for their lodge houses. A certified copy of the application for a private club exemption certificate of National Sportsmen Fraternal Order of Texas, Inc., Local 3001, 1204 Grove Street, Cleveland, Liberty County, Texas, was introduced into evidence. Attached to the application is the certificate of the Tax Assessor-Collector of Liberty County, Texas.

This certificate appears to be on a form provided by appellant. Blanks provided for the name and address of the organization applying for the exemption are properly filled out. A printed paragraph reads: "The above named organization's property is exempt from taxation under Article 7150, Revised Civil Statutes of Texas, 1925, as now or hereafter amended or would be exempt under Article 7150, Revised Civil Statutes of Texas, 1925, as now or hereafter amended, if it owned property."

Below this paragraph is typed: "To Wit: See Above." Above the printed material is found this statement:

"Only, the contents; and, all household and kitchen furniture not exceeding at their true and full value two hundred and fifty dollars, located in the National Sportsman's Fraternal Lodge Family Home, Local Lodge No. 3001, Located at 1202 Grove St., in which is National Sportsman's Fraternal Lodge said property owned and used exclusively for the National Sportsman's Lodge necessary in educational program for young men and women designed to demonstrate the operation of the American business system of private enterprise and operating under the below names state and national organization; in accordance with Section 11, and 21, of Article 7150."

There was no evidence produced on the trial of this case to support a property tax exemption under Sections 11 and 21 of Article 7150, R.C.S. Section 11 grants a limited exemption to personal property to each "family". There was no testimony that the lodges sponsored a program designed to demonstrate the operation of the American business system of private enterprise.

There is evidence that appellee is a fraternal organization enaged in charitable and benevolent works. There is no evidence that its property has been leased out to others or otherwise used with a view to profit, other than in the course of fund raising projects for charitable purposes. While there is a reference in the amended charter to a burial plan, there was no testimony relating thereto at the trial. It cannot be determined whether this involves some kind of an insurance benefit to the members. It constitutes no more than a scintilla of evidence that such an insurance benefit exists. There is no evidence that the lodges engage in political activity.

One purpose of the organization, as set out in the charter, is to engage in work designed to "develop, finance, and implement a program which provides services, assistance and other activities designed to eliminate poverty or a cause or causes of poverty . . ." The charter also provides: "The purpose and/or purposes for which the Corporation is organized are: to support benevolent, charitable, educational, *social* and *fraternal* undertakings . . ." It is clear from the testimony that much of the various lodges' income is derived from the services charges collected at social events held on the lodge premises.

Since the trial of this case the Supreme Court of Texas has considered the question of tax exemption for fraternal orders under Section 22 of Article 7150, Vernon's Ann.Tex.St. In City of Amarillo v. Amarillo Lodge No. 731, A. F. & A. M., 488 S. W.2d 69 (Tex.1973), the court held that section unconstitutional "as applied to the property involved in this suit." In its opinion the court states:

"The characteristics of an institution of purely public charity have been considered in several other cases. While the benevolent ends sought to be accomplished may take some form other than almsgiving, it is essential that the organization assume, to a material extent, that which otherwise might become the obligation or duty of the community or the state. It is also essential that the institution be organized and operated exclusively for purposes of public charity. The fact that it performs some charita-

ble acts or engages in some charitable activity is not enough to qualify it for the tax exemption authorized by Art. VIII, Sec. 2, of the Constitution. San Antonio Conservation Soc., Inc. v. City of San Antonio, Tex.Sup., 455 S.W.2d 743; River Oaks Garden Club v. City of Houston, Tex.Sup., 370 S.W.2d 851, and authorities there cited.

"The exemption of an institution of purely public charity as such is not authorized by the constitutional provision in question. It is only property owned by such an institution and used exclusively for purely public charity that may qualify for the exemption. Morris v. Lone Star Chapter No. 6, R.A.M., 68 Tex. 698, 5 S.W. 519. The institution must be one of purely public charity in the purposes for which it is formed and in the means used to accomplish such purposes, and the property claimed to be exempt must be owned and used exclusively by the institution in furthering its charitable activities. Hilltop Village, Inc. v. Kerrville Ind. Sch. Dist., Tex. Sup., 426 S.W.2d 943."

■ The property owned by appellee does not meet the test for tax exemption as set out by our Supreme Court. It is doubtful that the lodge building of any fraternal order can be found tax exempt under these standards. The use of the buildings for social and fraternal purposes negates use "exclusively for purely public charity." This organization is neither organized nor operated "exclusively for purposes of public charity."

■■ Section 12, Art. 666–15e, V.P.C., speaks of an "exempt organization". A fraternal organization "any part of whose property is exempt or would be exempt" from taxation "under Article 7150" constitutes an exempt organization. We construe this section to mean that the Commission must issue exemption certificates to fraternal organizations who own property that is currently exempted from state ad valorem taxation, and to those who own property entitled to such exemption under the existing facts. There is no evidence of probative force in this record that appellee qualifies as an exempt organization. There is evidence that it is not such an organization.

The decision of the Commission is reasonably supported by substantial evidence presented to the trial court. There is no evidence that it acted arbitrarily or capriciously in denying appellee's application for an exemption certificate permit. Texas Liquor Control Board v. Coggins, 402 S.W.2d 935 (Tex.Civ.App., El Paso 1966, ref., n.r.e.).

Reversed and rendered.