**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**The NATIONAL SPORTSMAN'S FRATERNAL ORDER OF TEXAS, INC. et al., Appellees.**

No. 16440.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 6, 1975.

Rehearing Denied April 10, 1975.

John L. Hill, Atty. Gen. of Texas, Larry F. York, Joe B. Dibrell, Max P. Flusche,

Jr., David M. Kendall, Asst. Attys. Gen., Austin, for appellant.

Kenneth M. Hoyt, Houston, for appellees.

EVANS, Justice.

The Texas Alcoholic Beverage Commission appeals from the trial court's judgment, entered after a nonjury trial, which set aside the Commission's order denying certificate of exemption to the Sportsman's Fraternal Order of Texas, Inc.

In its judgment the trial court found that the Sportsman's Fraternal Order of Texas, Inc. was in fact a fraternal organization and that the Commission lacked authority to refuse an exemption certificate to a fraternal organization "before or without finding that the organization is not fraternal in nature."

Article 666–6, Tex. Penal Code Aux. Laws (1974), the Texas Liquor Control Act, designates the functions, powers and duties of the Texas Alcoholic Beverage Commission. Among other responsibilities the Commission is charged with the supervision, inspection and regulation of every phase of the business of manufacturing, sale, distribution and possession of alcoholic beverages in this state and for such purposes is vested with power and authority to prescribe "all necessary rules and regulations." It is given the authority to require filing of reports and other data by persons engaged in any phase of the alcoholic beverage business and to supervise and regulate all licensees and permittees. In such respect it is empowered to grant, refuse, suspend or cancel permits or licenses for the purchase, transportation, importation, sale or manufacture of alcoholic beverages "or other permits in regard thereto." It is further empowered to exercise "all other powers, duties and functions" conferred by the act and "incidental, convenient, or necessary to enable it to administer or carry out any of the provisions" of the act.

Article 666–11 of the Act provides that the Commission or its Administrator may refuse to issue a permit to any applicant "if it has reasonable grounds to believe and finds . . . to be true" any of some sixteen designated conditions affecting the applicant's status. In its brief the Administrator states that the Commission, in the instant case, based its order refusing to issue exemption certificate to the Sportsman's Fraternal Order of Texas, Inc. upon finding to be true the following three grounds set forth in Article 666–11 of the act:

"(3) That the applicant has failed to answer or has falsely answered or has incorrectly answered any of the questions in his original application or any renewal application.

"(4) That the applicant is indebted to the State for any taxes, fees, or payment of penalties imposed by this Act or by any rule or regulation of the Commission.

"(5) That the applicant is not of good moral character, that his reputation for being a peaceable, law-abiding citizen in the community where he resides is bad, or that he is under twenty-one (21) years of age."

There is no statement of facts before us and the Commission does not attack the trial court's finding that the Sportsman's Fraternal Order of Texas, Inc. is in fact a fraternal organization as defined in the act. The Administrator's sole point of error is that the trial court erred in finding that the Commission did not have authority to refuse issuance of an exemption certificate unless it first found that the organization was not fraternal in nature.

Article 666–15e of the Liquor Control Act provides for the registration and regulation of "private clubs". The term private club is defined as "an association of persons, whether unincorporated or incorporated under the laws of the State of Texas, for the promotion of some common

object and whose members must be passed upon and elected as individuals, by a committee or board made of members of the club."

Article 666–15e, subsection 12, defines a "fraternal organization" and exempts such an organization from certain specified requirements applicable generally to private clubs. For example, a fraternal organization is not required to pay the permit fee imposed on private clubs and is not required to maintain a locker or pool system of liquor storage.

Article 666–15e, subsection 12(d) provides as follows:

"All other provisions of Section 15(e) of Article I, Texas Liquor Control Act, as amended, and of Section 20d of Article I, Texas Liquor Control Act and all other provisions of the Texas Liquor Control Act, shall apply to any such organization, except that the requirement that such club shall hold a Private Club Registration Permit shall be satisfied by a certificate issued by the Commission to the effect that such club is an exempt organization under the provisions of this subsection."

 In our opinion the language of the statute manifests an intent on the part of the legislature that fraternal organizations shall be subject to all provisions of the Act except only insofar as specifically exempt therefrom. It is our view that the exception stated in this subsection means only that a fraternal organization which holds a validly issued exemption certificate does not also have to hold a Private Club Registration Permit. We do not construe the provisions of Article 666–15e as abrogating the Commission's responsibility with respect to the initial issuance of exemption certificates under Article 666–11 of the act.

The Texas Liquor Control Act "is intended as an exercise of the public powers of the State to protect the health, welfare, peace and temperance of its people, and all of its provisions are to be liberally construed for the accomplishment of that purpose. Munoz v. City of San Antonio, 318 S.W.2d 741 (Tex.Civ.App.—San Antonio 1958, writ dism'd w. o. j., 159 Tex. 436, 321 S.W.2d 573); Morgan v. Texas Alcoholic Beverage Commission et al, 519 S.W.2d 250 (Tex.Civ.App.—Texarkana, 1975, no writ). "The right to possess and use alcoholic beverages is not an inherent right, but a highly guarded privilege surrounded by many stringent regulations." State v. Harris, 342 S.W.2d 177 (Tex.Civ.App.—Dallas 1960, no writ).

 We sustain the Commissioner's point that the trial court erred in finding that the Commission lacked authority to refuse to issue exemption certificates except upon first finding that the Sportsman's Fraternal Order of Texas, Inc. was not fraternal in nature. We further find that subd. 12(d) of Article 666–15e is constitutional and is not overbroad in its scope as contended by Sportsman's Fraternal Order of Texas, Inc.

The judgment of the trial court is reversed and remanded for determination as to whether the decision of the Commissioner is reasonably supported by substantial evidence. Morgan v. Texas Alcoholic Beverage Commission, supra; Texas Alcoholic Beverage Commission v. National Sportsman's Fraternal Order of Texas, Inc., 495 S.W.2d 45, 49 (Tex.Civ.App.—Houston, no writ). For the reasons stated we deny the motion of Sportsman's Fraternal Order of Texas, Inc., filed pending this appeal seeking injunctive relief and writ of mandamus to require issuance of the exemption certificates as directed by the trial court's judgment.

Reversed and remanded.

## ON MOTION FOR REHEARING

Upon motion for rehearing, our attention has been directed to certain matters which, in our opinion, it would be appropriate to correct. In our original opinion we re-

ferred to the grounds stated in appellant's brief as a basis for the Administrator's order to be Article 666–11, Tex. Penal Code Aux. Laws (1974), Subparagraphs (3), (4) and (5), when actually the grounds should have been referred to as (3), (5) and (6). The omitted ground (6) which should have been listed is as follows:

"(6) That the place or manner in which the applicant may conduct his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants a refusal of a permit."

Additionally, the style of the case on appeal should be corrected to reflect the name of the petitioner to be that shown in its petition contained in the transcript: The National Sportsman's Fraternal Order of Texas, Inc., and it is so ordered that the style of the case indicate this change.

We have considered the contentions advanced by appellees' motion for rehearing and have determined that such motion must be overruled.