TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,

v.

Jack E. MIKULENKA d/b/a
Frigate Club, Appellee.

No. 15303.

Court of Civil Appeals of Texas,
San Antonio.

May 29, 1974.

John L. Hill, Atty. Gen., of Tex., Larry F. York, Joe B. Dibrell, Calvin Botley, Andrew Carruthers, Asst. Attys. Gen., Austin, for appellant.

Pat Maloney, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal by the Commission from a judgment of the district court setting aside and holding for naught the order of the Commission denying the applications of appellee for reinstatement of a mixed beverage permit and a mixed beverage late hours permit and for change of trade name and location.

Mikulenka had held such permits on the Frigate Club located at 3330 Eisenhauer Road, San Antonio, until he sold such business. He subsequently leased a building at 4503 Lakewood, San Antonio, and after securing approval from the City of San Antonio and the local office of TABC, he spent about $18,000 remodeling the premises. He then applied for reinstatement of his permits and sought to change the trade name to Sundown Saloon to be operated at the Lakewood address. A petition was submitted in opposition to such application with 887 names on same. The administrator found that such application should be denied under Article 666–11, Subdivision (6)[1] Vernon's Texas Penal Code Ann. Mikulenka timely perfected his appeal from such order.

The rule is well settled that the burden was upon Mikulenka, after his applications had been denied, to show that the administrator's order of denial was not reasonably supported by substantial evidence. To do so, the evidence as a whole, as introduced in the district court, must be such that reasonable minds could not have reached the conclusion the administrator must have reached in order to justify such denial. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949); Texas Liquor Control Board v. Armstrong, 300 S.W.2d 146 (Tex.Civ.App.—San Antonio 1957, writ ref'd).

The trial court made a number of findings of fact in support of his order. We attach no weight whatsoever to such findings in that it is for the court, whether trial or appellate, to determine *as a matter of law* whether the order is reasonably supported by substantial evidence. Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619 (1958); Jones v. Marsh, supra; Railroad Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W.2d 1022 (1942).

The administrator denied the permits after finding that "the place in which the applicant may conduct his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants a refusal of the applications." The proposed location is in a small business center located at the intersection of South W. W. White Road and Lakewood Drive. W. W. White Road is entirely commercial for a mile in either direction. A dentist's office, a chiropractor's office, and a small insurance agency are located in the center. Mikulenka's location in the center is the site of a former laundromat. The evidence is uncontroverted that the proposed location is in an area designated as "wet" under the liquor laws of the State of Texas. Furthermore, no zoning ordinance prohibits such an operation in this location. Cf. Hewlett v. Texas Alcoholic Beverage Commission, 492 S.W.2d 686 (Tex.Civ.App.—Waco 1973, writ ref'd n. r. e.). Thus, the basis for the administrator's denial was the protest by a substantial number of citizens who reside in the vicinity of the proposed lounge.

Eleven witnesses testified at the trial, and in addition it was stipulated that three others would have testified that it would not be in the best interests of the community to grant a license to Mikulenka. The facts are largely uncontradicted. Mikulenka is a fully qualified applicant and has properly operated other lounges. There are no other mixed beverage lounges in the vicinity, but there are numerous establishments which sell beer, wine and whiskey under off-premises permits. A Lonestar Ice House, which sells beer, is directly across the street from the proposed location. A package liquor store is on the opposite side of W. W. White Road and another package store is on W. W. White Road about two blocks south of the proposed location. There are no schools or

---

1. "The place or manner in which the applicant may conduct his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants a refusal of a permit."

churches located within 300 feet of the proposed location; however, there are schools and churches within a few blocks of the proposed location. Mikulenka proposes to operate a small club serving liquor by the drink with hours from 3:00 p. m. to 2:00 a. m. All activities would be inside a closed building. No unusual traffic conditions would be presented at this location by the planned operation.

Two ministers of the Houston Terrace Baptist Church testified in opposition to such applications. These two witnesses are sincerely opposed to the sale or consumption of alcohol in any form or at any place. They testified that they specifically oppose Mikulenka's applications because of the adverse affect such operation would have on this residential neighborhood and the numerous children in such neighborhood. Dr. Wearden, whose chiropractic office is in the center next to the proposed location, testified that his patients would not be helped by passing the lounge enroute to his office. One resident of the area testified that his nearby property would be devalued and further might be physically damaged by drunk drivers. Another area resident felt that a liquor by the drink establishment would pose a threat to the children who must cross W. W. White Road. This type of evidence was supported by the stipulation as to three witnesses, as well as by the 887 persons who signed the petitions in opposition to the applications of Mikulenka.

■■■ The fact that a large number of the residents of the area protest the issuance of the permits is not of itself sufficient reason to deny the application of an otherwise qualified applicant. The question of whether the sale and purchase of alcohol should be permitted is a political one to be determined by the voters under the local option sections of the Liquor Control Act. Clark v. Liquor Control Board, 357 S.W.2d

176 (Tex.Civ.App.—Beaumont 1962, no writ). Furthermore, a city, by zoning ordinances, may restrict the sale of alcoholic beverages to certain areas within the city. See Article 1011a et seq., Vernon's Texas Rev.Civ.Stat.Ann. The City of San Antonio has not so restricted this location.

A somewhat similar situation was presented in Elliott v. Dawson, 473 S.W.2d 668 (Tex.Civ.App.—Houston [1st] 1971, no writ), where an on-premises retail dealer's license was denied by the county judge based on the location of the proposed business, rather than on the character of the applicant. The Court of Civil Appeals concluded that since applicant met all the requirements of the law, and his location was in a wet area, a denial of the permit would be to discriminate between applicant and other persons in the vicinity who sold beer either on-premises or off-premises Similar holdings were made in Clark v. Liquor Control Board, supra; Smith v. Cove Area Citizens Committee, 345 S.W.2d 850 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.); Morton v. Plummer, 334 S.W.2d 322 (Tex.Civ.App.—Austin 1960, no writ); Killingsworth v. Broyles, 300 S.W.2d 164 (Tex.Civ.App.—Austin 1957, no writ).

■■■ The trust of these holdings is that in order to deny a permit to a fully qualified applicant who proposes to operate a lawful business[2] in a wet area and in compliance with the zoning ordinances of the city, some unusual condition or situation must be shown so as to justify a finding that the place or manner in which the applicant may conduct his business warrants a refusal of a permit under Article 666–11(6), supra. No such condition or situation is shown under this record. Accordingly, the trial court did not err in concluding that the administrator's denial of Mikulenka's applications was not reasonably supported by substantial evidence.

The judgment is affirmed.

2. The commission may cancel or suspend such permits should the operation prove otherwise. See Article 666–12, supra.