Thomas G. MORGAN, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE COMMIS-SION and O. N. Humphreys, Jr., Administrator, Appellee.

No. 8254.

Court of Civil Appeals of Texas, Texarkana.

Jan. 7, 1975.

A. Webb Biard, Cornett, Echols & Biard, Paris, for appellant.

John L. Hill, Atty. Gen. of Texas, Dallas, for appellee.

RAY, Justice.

This is an appeal from a judgment denying an application for a private club registration permit and a beverage cartage permit.

Thomas G. Morgan, appellant (petitioner) sought to have set aside the order of the Administrator of the Texas Alcoholic

Beverage Commission, appellee (respondent) in a trial de novo proceeding in the District Court of Lamar County, O. N. Humphreys, Jr., Administrator of the Texas Alcoholic Beverage Commission, denied the permit sought by appellant on the grounds "that the place or manner in which the applicant may conduct his business is of such a nature which, based on the general welfare, health, peace, morals and safety of the people and on the public sense of decency warrants a refusal of the permits," pursuant to Article 666–11(6), Vernon's Ann.Texas Penal Code. Trial was had before the court without a jury on April 22, 1974. The District Court denied the applications on the same grounds, specifically finding there was substantial evidence to support the ruling of the Texas Alcoholic Beverage Commission and its Administrator.

The appellant duly perfected his appeal to this court and submits three points of error for our consideration.

Appellant contends that the trial court erred in applying that substantial evidence rule in the appeal to the District Court; that Article 666–11(6) Texas Penal Code is unconstitutional in that it is over broad and vague and fails to inform the appellant of his required standard of conduct; and, that there is no evidence to justify the conclusion that appellant would violate even the vague standards of Article 666–11(6) Texas Penal Code.

The trial court did not err in applying the substantial evidence rule in the appeal from the order of the Administrator of the Texas Alcoholic Beverage Commission even though Article 666–15e, subd. 7a(e) Texas Penal Code specifically provides that: "The Substantial Evidence Rule shall have no application in the proceedings of the District Court", in an appeal from an order of the Board or Administrator under the Texas Liquor Control Act. This court decided in Texas Liquor Control Board v. Longwill, 392 S.W. 2d 725 (Tex.Civ.App. Texarkana 1965, writ

dism'd) that subdivision 7a (the trial de novo provision) was unconstitutional because it violated the separation of powers between legislative functions and judicial functions. While subdivision 7a has been amended since the opinion was handed down in the *Longwill* case, the Legislature failed to cure the problem pointed out in *Longwill* and the cases there cited. Chief Justice Calvert set out the cure for the problem in Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619, 625 (1958) when he stated, "If the Legislature truly wishes to provide for a strict de novo trial of the statutory issues decided by the Board, it can easily so provide. It can provide, for instance, that when suit is filed and the District Court acquires jurisdiction the Board's order shall be null and void and of no force or effect and that the applicant's right to a permit shall be determined by the court upon a trial of the statutory issues conducted under rules governing the trial of other civil suits, just as though the matter had been committed to the courts in the first instance and there had been no intervening decision by the Board."

When the Legislature redrafted subdivision 7a in 1969, it could have followed the 1958 admonition of Chief Justice Calvert enunciated in Southern Canal Company v. State Board of Water Engineers, supra. However, the Legislature did not do so because subdivision 7a(d) provides that the ruling of the Board or Administrator may be suspended or modified by the District Court pending a trial on the merits, thus indicating that the ruling of the Board or its Administrator is still in full force and effect following the appeal to the District Court. This is exactly what Chief Justice Calvert said could not be done and simultaneously get a strict trial de novo by the District Court. Since the order of the Administrative Agency remains in force and effect during the appeal, it is the validity or reasonableness of the order that is to be tested with the only issue to be decided being one of law. That is the substantial

evidence rule. If the order, decision or ruling of the Administrative Agency were automatically suspended, vacated or voided by the perfection of an appeal to the District Court, then the trial judge or jury would be free to decide the fact issues anew under the preponderance of the evidence rule, which is a true trial de novo. Subdivision 7a is unconstitutional because it provides for conflicting methods of review of an administrative order. Southern Canal Company v. State Board of Water Engineers, supra. Appellant's first point of error is overruled.

Article 666–11(6) of the Texas Penal Code is not unconstitutional as urged by appellant, because it is over broad and vague and fails to inform Thomas G. Morgan of his required standard of conduct. Permits and licenses under the Texas Liquor Control Act are personal privileges and not property. Article 666–13(b), Texas Penal Code. The provisions of the Texas Liquor Control Act are an exercise of the police power of the State for the protection of the welfare, health, peace, temperance and safety of the people of the State. Article 666–2, Texas Penal Code. The Texas Supreme Court has stated that as a general rule, constitutional due process applies to protect property rights but does not extend to privileges granted under the State's police power. House of Tobacco, Inc. v. Calvert, 394 S.W.2d 654 (Tex.1965). As long as the Legislature does not pass a statute which is inherently or patently discriminatory on its face, it may provide for the exercise of the State's police power as it deems best in the regulation and protection of the welfare, health, peace, temperance and safety of the people of the State. Article 666–11(6) of the Texas Penal Code is a legislative enactment providing for the protection of the people of this State under the legitimate exercise of the State's police power, and is not unconstitutional because it is not discriminatory on its face nor does its language make it mandatorily discriminatory when applied. Appellant does not contend nor does the evidence show that the statute was applied discriminatorily so as to be unconstitutional. Appellant's second point of error is overruled.

In considering appellant's third point of error, the evidence produced in the trial court will be evaluated in the light prescribed by the substantial evidence rule. Article 666–11, supra, provides that "The Commission or Administrator may refuse to issue a permit, either on an original application or a renewal application, to any applicant either with or without a hearing if it has reasonable grounds to believe and finds any of the following to be true: . . .

"(6) That the place or manner in which the applicant may conduct his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants a refusal of a permit."

The "manner in which the applicant may conduct his business" is not at issue in this case. The evidence indicates that the applicant and proposed operators of the premises are good, law-abiding citizens. The location of the business for which the permit is sought is the point of contention. Appellee recognizes that the question of whether the sale or purchase of alcohol should be permitted or not is a political one decided by the voters under the local option sections of the Texas Liquor Control Act.

The County Judge of Lamar County, in refusing to grant the application for a wine and beer retailers license and a cartage permit acted in an administrative rather than a judicial capacity. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 201 (1949). Under the substantial evidence rule the appellees' ruling is presumed to be valid; the burden is on the appealing party to show it is not reasonably supported by substantial evidence; preponderance of evidence is not the test

(since there is no trial of fact issues); and the court cannot substitute its discretion for that of the agency. Texas Employment Commission v. Keller, 456 S.W.2d 225 (Tex.Civ.App. Waco 1970, no writ); Texas Employment Commission v. Riddick, 485 S.W.2d 849, 851 (Tex.Civ.App. Texarkana 1972, no writ).

■ The appellate court's function is not to decide whether the Commission's order is right or wrong, nor to substitute its judgment for that of the agency on issues of fact. "Instead, its sole function in applying the [substantial evidence] rule is to decide whether the evidence is such that reasonable minds could not have reached the conclusion the administrative body must have reached in order to justify its actions." 23 Baylor L.Rev. 34, 39 (1971). See also Lewis et al v. Southmore Savings Association, 480 S.W.2d 180 (Tex.1972); and Reavley, Substantial Evidence and Insubstantial Review in Texas, 23 S.W.L.J. 239, 241 (1968).

■ The evidence presented to the trial court showed that appellant Morgan would operate a private club, "The Pub," in close proximity to the Paris Junior College and the Baptist Student Center. There was testimony that the proximity of such an establishment to the religious and educational institutions across the street would have an adverse effect upon both high school and college students. One witness testified that the location of The Pub would be a bad influence upon the students of Paris Junior College. There was testimony that the sale of alcoholic beverages at such a location would be a detriment to the community. Further, that the sale of alcoholic beverages at such a location would offer a temptation to the students. There was also testimony to the effect that the business of making alcohol available to the college students would present real problems to the Junior College across the street and would have a detrimental effect upon the student body of that institution.

The unusual situation of locating The Pub across the street and in close proximity to the Paris Junior College and the Baptist Student Center in conjunction with the other testimony relative to the detrimental effect of locating The Pub at the applied for location causes us to conclude that the agency's decision is reasonably supported by substantial evidence. From the state of the record, we cannot say as a matter of law that reasonable minds could not have reached the conclusion the Administrator reached in denying appellant Morgan his permits. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.