Vance P. DIENST, d/b/a The
Lamplighter, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE
COMMISSION, Appellee.

No. 1064.

Court of Civil Appeals of Texas,
Corpus Christi.

April 29, 1976.

James A. Smith, Port Lavaca, Maddin, White & Brin, Corpus Christi, for appellant.

Patrick Rogers, Asst. Atty. Gen., Austin, Joseph P. Kelly, Guittard & Henderson, Victoria, for appellee.

OPINION

NYE, Chief Justice.

This is an appeal from a judgment denying an application for certain permits that would allow on-premises consumption of alcoholic beverages.

Vance P. Dienst, appellant, sought to have set aside the order of the appellee, Administrator of the Texas Alcoholic Beverage Commission, denying appellant's application for the permits in a trial de novo proceeding in the District Court of Victoria County, Texas.

The appellant, on June 7, 1975, applied to the Texas Alcoholic Beverage Commission for a Mixed Beverage Permit, a Mixed Beverage Late Hours Permit and a Beverage Cartage Permit for the premises located at 3304 Sam Houston Drive in the City of Victoria, County of Victoria, Texas. On July 9, 1975, Henry C. Knowles, the Assistant Administrator of the Alcoholic Beverage Commission, denied the permits sought by appellant on the ground "that the place or manner in which the applicant may conduct his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants a refusal of the permits," pursuant to Article 666–11(6), Tex.Penal Code Ann. (1971).

The Texas Alcoholic Beverage Commission in making its ruling denying the permits had before it certain evidence. Included in the evidence were several letters of protest by individual property owners living in the area of the proposed lounge, together with letters of protest from the Mayor, Chief of Police, and the Sheriff, each of whom commented about the probable increased traffic hazard which would be caused by granting the permits at the proposed location. There was also a petition signed by numerous property owners in the three subdivisions surrounding the proposed location of the lounge protesting the establishment at this particular location.

On August 6, 1975, Dienst brought suit to set aside and hold for naught the order of the Texas Alcoholic Beverage Commission denying his application for the three permits for the business to be located at 3304 Sam Houston Drive in Victoria, Texas. The petitioner alleged, among other things, that no factual basis had been established to show an unusual condition and, therefore, the denial of his application discriminates between him and his competitors.

Subsequently on August 12, 1975, a petition in intervention was filed by Robert L. Coffee and Paul Guthrie personally and as representatives of a large group of family residence owners near the location of the proposed lounge. The intervenors alleged that the place or manner in which the applicant would conduct his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people, and on the public sense of decency, warrants refusal of the permits.

Trial was had before the court without the aid of a jury on August 15, 1975. The district court entered judgment on behalf of the Commission, specifically finding that the Texas Alcoholic Beverage Commission's ruling denying the permits was supported by substantial evidence. The appellant, Dienst, has timely perfected his appeal from such judgment.

The appellant first asserts in his points of error No. 1 and 2 that the trial court erred in holding that the order of the Texas Alcoholic Beverage Commission was supported by substantial evidence and that appellant had not sustained his burden of proof.

■ The substantial evidence rule is that the finding of the administrative agency will be sustained by the trial court if the

finding is reasonably supported by substantial evidence, meaning evidence that was introduced in the trial court. The decision of the trial court as well as the appellate court is to determine from all of the evidence presented in the trial court whether as a matter of law the decision of the agency is supported by substantial evidence.

■ In many of these cases, there seems to be some confusion concerning the rule and its application. First of all, the rule does not mean that the parties are limited to the evidence taken by and received by the commission. The parties may, as the parties did in this case, introduce relevant legal testimony concerning the appellant's application. After all of the evidence is in, the issue then before the trial court is not whether the agency came to the proper fact conclusion on the basis of conflicting evidence, but whether or not it acted arbitrarily and without regard to the facts. The trial court is not to substitute its discretion for that of the commission, but it is required to sustain the commission if its action is reasonably supported by substantial evidence presented to the trial court. If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the commission must have reached in order to justify its action, then the order must be set aside. After all, the trial court is required to render justice in the case. *Jones v. Marsh,* 148 Tex. 362, 224 S.W.2d 198 (1949); *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424 (1946). See also *Gerst v. Nixon,* 411 S.W.2d 350 (Tex.Sup.1966); *Gerst v. Goldsbury,* 434 S.W.2d 665 (Tex.Sup.1968); *Morgan v. Texas Alcoholic Beverage Commission,* 519 S.W.2d 250 (Tex.Civ.App.—Texarkana 1975, no writ); *Texas Employment Commission v. Keller,* 456 S.W.2d 225 (Tex.Civ.App.—Waco 1970, no writ); *Texas Employment Commission v. Riddick,* 485 S.W.2d 849 (Tex.Civ.App.—Texarkana 1972, no writ); *Lewis v. Southmore Savings Association,* 480 S.W.2d 180 (Tex.Sup.1972).

■ The "manner" in which the applicant may conduct his business is not at issue in this case nor are the applicant's qualifications. In order to deny a permit to a fully qualified applicant who proposes to operate a lawful business in a wet area and in compliance with the zoning ordinances of the city, some unusual conditions or situations must be shown so as to justify a finding that the place or manner in which the applicant may conduct his business warrants a refusal of a permit under Article 666–11(6), Tex.Penal Code Ann. (1971). See *Texas Alcoholic Beverage Commission v. Mikulenka,* 510 S.W.2d 616 (Tex.Civ.App.—San Antonio 1974, no writ); *Elliott v. Dawson,* 473 S.W.2d 668 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ); *Smith v. Cove Area Citizens Committee,* 345 S.W.2d 850 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.).

■ Many times in a contested case, the evidence will support a ruling either way. However, each substantial evidence case must be decided on its own facts in relation to the above rules of law. The evidence presented to the trial court shows that the appellant made an application with the Texas Alcoholic Beverage Commission for the three permits to conduct a business on the premises to be known as the Lamplighter, located at 3304 Sam Houston Drive in Victoria, Texas. The hours of operation were to be from 3:00 or 4:00 o'clock in the afternoon until 2:00 o'clock a. m. The type of lounge would be a mixed-drink club open to the public and catering preferably to middle aged couples. All activities would be conducted inside a closed building.

The proposed location of the lounge is on a corner lot on the northwest side of the intersection of Sam Houston Drive and Kingsway Street. The immediate area in which the proposed lounge is to be located is a commercial area wherein eight to ten small businesses are located, those being on the same side of the street as that on which the proposed lounge is to be located. Immediately next to the proposed lounge is a Dairy Queen. Other businesses located close by include: a dentist office; an animal clinic; a rental business; a convenience grocery store; a Fedmart; a gift and flower shop and a gas station. Located immedi-

ately behind the rental business is a swimming pool and behind the convenience store is a recreational hall for the area teenagers.

Approximately six (6) blocks from the proposed location of the lounge is a school. Immediately across the street from the proposed lounge is a residential area. It is also shown that immediately behind and adjacent to the proposed lounge are also located two other residential areas. There is no comparable type of business in this area that allows on-premises consumption of alcoholic beverages. There has never been an on-premises consumption permit granted to any business establishment in this particular area although the convenience store sells beer and wine and a Fedmart store sells liquor for off-premises 'consumption only. The only establishment with an on-premises consumption permit is located approximately twenty-one (21) blocks away.

The basic reason for the denial of the on-premises permits by the commission was that an unusual traffic condition would exist because of the location of the proposed lounge at the intersection of Sam Houston Drive and Kingsway Street. Three witnesses testified that Sam Houston Drive, the street on which the proposed lounge was to be located, was a major thoroughfare in the City and is a busy street. In this respect, Mr. Richard Jones, a police officer for the City of Victoria, testified as follows:

> "Q Mr. Jones, in all reasonable—Based on your familiarity with the area, and your experience as an officer, in all reasonable probability, will the establishment of an on-premises consumption tavern in that particular location create an unusual problem with the traffic and safety of the people in that area, considering the traffic flow and the street pattern, considering the cures and all?
>
> A Yes, I think it will create more hazard."

Mr. Jones further testified that in all probability it (the lounge) will create an unusual condition with the traffic and the safety.

The Honorable Charles Carsner, Mayor of the City of Victoria, testified that the intersection of Sam Houston Drive and Kingsway is an already congested intersection and the establishment of a lounge at that location would bring about special circumstances insofar as traffic is concerned. The mayor testified in effect that in all reasonable probability, the establishment of an on-premises tavern at the particular location in question, maintaining hours between 3:00 p. m. and 2:00 a. m., would create unusual conditions with the traffic resulting in a safety problem to the citizens who live in the particular area. The mayor testified that he would recommend a denial of the permit. It had been his experience that when lounges were located in residential areas they result in an increase in police assistance calls to that particular area.

Considering the entire record and all the evidence, we cannot say that reasonable minds could not have reached the same conclusion that the assistant administrator reached in denying appellant, Dienst, his permits. Appellant's points of error No. 1 and 2 are overruled.

■ Appellant Dienst, in his third point of error, contends that the denial of the permits is discriminatory as between this appellant and other permittees and businesses. More specifically, appellant asserts that he is being discriminated against because a situation exists where it would be permissible to operate a business which would cause an increase in traffic, (if no alcoholic beverages were sold on the premises) but not so if the business operated on such premises allowed alcohol to be sold and consumed thereon.

The provisions of the Texas Liquor Control Act are an exercise of the police powers of the State for the protection of the welfare, health, peace, temperance and safety of the people of this State. Article 666–2, Tex.Penal Code Ann. (1971). The permits and licenses issued under the Texas Liquor Control Act are purely personal privileges. Article 666–11(6) of the Texas Penal Code is a legislative enactment providing for the protection of the people of this State under

the legitimate exercise of the State's police power. It is not discriminatory on its face nor does its language make it mandatorily discriminatory when applied. *Morgan v. Texas Alcoholic Beverage Commission,* supra. There appears no evidence that the statute was applied discriminatorily. The evidence reflects that there are no comparable types of businesses allowing on-premises consumption in this particular area in which appellant's lounge is proposed to be located. The evidence further shows, as stated above, that an unusual condition or situation would be present, that is, the locating of the lounge at this busy intersection in the middle of a residential area would cause an increased traffic hazard and would require an increase in police assistance. This justifies the finding of the commission and causes us to conclude that the agency's decision is supported by substantial evidence. Appellant's third point is overruled.

The judgment of the trial court is AFFIRMED.