**Mary Lorene O'Dell MURPHY, R.N., Appellant,**

v.

**Margaret L. ROWLAND, R.N., et al., Appellees.**

**No. 1692.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 20, 1980.

Rehearing Denied Dec. 11, 1980.

David M. Davis, Davis, Davis & Sharp, Austin, for appellant.

Bill Campbell, Asst. Atty. Gen., Austin, for appellees.

## OPINION

NYE, Chief Justice.

This is an appeal by Mary Lorene Murphy, R.N., from a district trial court judgment upholding and declaring an order of the Board of Nurse Examiners for the State of Texas to be valid. The order suspended the nurse's license for a period of six months based on a violation of the rules and regulations pertaining to professional nursing. The court, in a general judgment, found that the findings and decisions of the Board were supported by substantial evidence and sustained the agency's order. We affirm.

On September 5, 1979, the Board of Nurse Examiners, a board composed of six registered nurses, conducted a hearing pursuant to a complaint filed against Nurse Murphy concerning unprofessional or dishonorable conduct on her part. The complaint alleged specifically that Nurse Murphy failed to contact the physician who was on emergency call upon the request of the complainant's family. The complainant further alleged that Nurse Murphy failed to evaluate the status of Juanita Valdez and institute the appropriate nursing intervention which might have been required to stabilize Valdez' condition or prevent com-

plications from arising. The Board cited these two actions as being a violation of the rules regulating professional nursing.

A review of the facts that were developed during the hearing before the Board is important. On the night of March 7, 1979, Juanita Valdez, who was eight months pregnant, awoke in great pain. Her family, assuming she had begun labor, drove her to Gregory, Texas, where a midwife had been engaged to deliver the baby. After an examination by the midwife, it was concluded that Juanita Valdez was not in labor but that the pain represented a more serious problem. Juanita Valdez was then taken to an Aransas Pass hospital. After an examination by two hospital nurses and a telephone conference with a doctor, it was suggested that Juanita be taken to the Lyman–Roberts Hospital a few blocks away. Upon arrival at Lyman–Roberts Hospital, Juanita Valdez' sister–in–law explained the situation to Nurse Murphy and a nurses' aid. The nurses' aid and Nurse Murphy went out to the car to see Juanita. Murphy checked Juanita's pulse and also checked for contractions and bleeding. Nurse Murphy testified that she did not feel it was necessary to call Dr. Sayers, the physician on emergency call, because she knew what he would tell her to do. Instead, Murphy told the Valdez family to take Juanita to Memorial Medical Hospital in Corpus Christi as fast as possible. The family then requested an ambulance. Nurse Murphy informed them that the only ambulance available was from the funeral home and their response time was slow. Murphy offered to call a police escort to take the family to Memorial Medical. The family refused the police escort. After leaving Lyman–Roberts Hospital, the Valdez family took Juanita back home to Rockport, Texas. Before arriving home, Juanita died of a ruptured uterus.

Nurse Murphy testified that she believed Juanita's pains were related to her pregnant condition. Murphy testified that the reason she recommended taking Juanita to Memorial Medical was because that hospital was better equipped to handle the emergency surgery Murphy felt might be necessary. Dr. Sayers testified to the limitations of conducting emergency surgery on an expectant mother at Lyman–Roberts Hospital.

■ Appellant, in her first point of error, contends that the trial court erred in making findings of fact as to evidence presented to the administrative agency. Appellant argues that the only proper issues to be decided by a trial court in review of an administrative agency are questions of law. It is true that a trial court is limited to determining questions of law in reviewing an order of an administrative agency. However, the trial court, by filing findings of fact, did not commit a reversible error. Rule 434, T.R.C.P. Reversal should be ordered for an error that has resulted in an improper judgment. In light of our decision to sustain the Board's order for the reasons hereinafter stated, appellant's point of error one is without merit.

■ Appellant, in point of error two, complains that the findings of fact and conclusions of law submitted by the Board failed to satisfy the statutory requirements. Art. 6252–13a, Tex.Rev.Civ.Stat.Ann., section 16(b) of the Administrative Procedure Act, sets forth the requirements for fact findings by administrative agencies. Findings made by an administrative agency should be such that a court, on reading them, could fairly and reasonably say that they support the ultimate findings of fact required by the court for its decision. *Miller v. Railroad Commission*, 363 S.W.2d 244 (Tex.1962); *Imperial American Resources Fund v. Railroad Commission of Texas*, 557 S.W.2d 280 (Tex.1977); *Railroad Commission v. Graford Oil Corp.*, 557 S.W.2d 946 (Tex.1977). The Board found:

"1. That Sworn Complaint was filed with the Board of Nurse Examiners for the State of Texas in accordance with law.

2. That Notice of Hearing and Complaint were served in accordance with law.

3. That MARY LORENE O'DELL MURPHY was licensed and practicing professional nursing at Lyman–Roberts

Hospital, Inc. in Aransas Pass, Texas, on or about March 7/8, 1979.

4. That the nurse in question failed to contact the physician on emergency call at Lyman–Roberts Hospital, Inc. upon the request of family members of Juanita Valdez on or about March 7/8, 1979.

5. That said nurse failed to evaluate the status of Juanita Valdez and institute appropriate nursing intervention which might be required to stabilize a patient's/client's condition or prevent complications.

6. That the evidence submitted conclusively proved, in the opinion of the Board, that the nurse's activities constituted unprofessional or dishonorable conduct which was likely to injure the public."

We hold that these findings were reasonable and fair and could and did support the Board's ultimate decision to suspend plaintiff's license. Point of error number two is overruled.

■ Appellant, in her third point of error, argues that the Board failed to acquire jurisdiction over her because the investigator who filed the complaint did so without personal knowledge of the facts or without conducting a meaningful investigation. This same argument was advanced in *Texas State Board of Medical Examiners v. Koepsel*, 159 Tex. 479, 322 S.W.2d 609 (1959). In *Koepsel*, appellant contended that the written charge filed against him was not filed and sworn to by the complaining parties, but was instead filed by the medical examiner who interviewed the parties in person. The Supreme Court held that the statutory requirement on how a complaint was to be filed was very broad. It provided: "Proceedings under this article shall be begun by filing charges with the Texas State Board of Medical Examiners in writing and under oath. Said charges may be made by any person or persons." The Court construed this language to mean any person, thereby holding that the medical examiner was a proper person to file the charges. This language is the exact language used in Art. 4525(b) Tex.Rev.Civ.Stat.Ann., under which this particular complaint was filed.

Accordingly, we hold that the investigator was a proper person to file the complaint.

■ In addition, Article 4525(b) states that the Board shall make such preliminary investigations of the charges as its deems necessary. This language leaves the preliminary investigation to the discretion of the Board. An agency's exercise of discretion will not be disturbed on appeal unless an abuse of discretion is shown. *Fire Department of City of Fort Worth, et al v. City of Fort Worth*, 147 Tex. 505, 217 S.W.2d 664 (Tex.Sup.1949); *Dienst v. Texas Alcoholic Beverage Commission*, 536 S.W.2d 667 (Tex.Civ.App.–Corpus Christi 1976, no writ). It is important to point out that the Board found that the complaint was filed in accordance with the law. Such a finding is not to be disturbed by an appellate court unless clear abuse by the agency is found. *Wylie Independent School District v. Central Education Agency*, 488 S.W.2d 166 (Tex.Civ.App.–Austin 1972, writ ref'd n. r. e.); *Dienst v. Texas Alcoholic Beverage Commission*, 536 S.W.2d 667 (Tex.Civ.App.–Corpus Christi 1976 no writ). Appellant's point of error number three is overruled.

■ Appellant, in point of error four, asserts that she has been denied due process of law by the Board. While administrative proceedings must meet the requirements of due process, the strict rules applicable to courts of law do not apply to administrative agencies. *Lewis v. Metropolitan Savings & Loan Assoc.*, 550 S.W.2d 11 (Tex.1977). *Superior Oil Company v. Railroad Commission of Texas*, 519 S.W.2d 479 (Tex.Civ.App.–El Paso 1975, writ ref'd n. r. e.). In determining whether due process of law has been met by an administrative agency, one must look to the presence of absence of notice and the rudiments of fair play. *Martinez v. Texas State Board of Medical Examiners*, 476 S.W.2d 400 (Tex.Civ.App.–San Antonio 1972, writ ref'd n. r. e.). The notice, hearing and the review provided for by Art. 4525, and appellant's opportunity to introduce and cross–examine witnesses at the hearing adequately assured, rather than deprived, this appellant of due process of law. The fourth point of error is overruled.

■ Appellant complains through points of error five and six that the Board's decision was in violation of the statutory provisions, or in the alternative, that Art. 4525(a)(9) is impermissibly vague. Art. 4525(a)(9) allows the Board to discipline registered nurses for unprofessional or dishonorable conduct which, in the opinion of the Board, is likely to injure the public. Appellant cites two cases [*Texas State Board of Medical Examiners v. Koepsel,* 159 Tex. 479, 322 S.W.2d 609 (Tex.1959); *Berry v. State,* 135 S.W. 631 (Tex.Civ.App.–1911, writ ref'd)] to support her contention that the phrase "unprofessional or dishonorable conduct" is unconstitutionally vague. These cases are not in point. In both of the cited cases, the phrase "unprofessional or dishonorable conduct" was modified by the additional language "which in the opinion of the Board is likely to deceive or defraud the public." The statute which appellant is being disciplined under reads "unprofessional or dishonorable conduct which, in the opinion of the Board, is likely to injure the public." Whenever an attack on the constitutionality of a statute is presented for determination, there is a presumption that such statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting the statute. The burden is on the individual who challenges the Act to establish its unconstitutionality. *International Association of Firefighters v. City of Kingsville,* 568 S.W.2d 391 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n. r. e.); *In Re Johnson,* 554 S.W.2d 775 (Tex.Civ.App.–Corpus Christi 1977, no writ). Appellant failed to meet this burden. Furthermore, a statute is only considered to be unconstitutional when it is so incomplete, vague, indefinite and uncertain that it forbids the doing of an act so vague that men of common intelligence must necessarily guess at its meaning. *Sanders v. State Department of Public Welfare,* 472 S.W.2d 179 (Tex.Civ.App.–Corpus Christi 1971, writ dism'd); *Lone Star Gas Co. v. Kelly,* 140 Tex. 15, 165 S.W.2d 446 (Tex.Com.App.1942). We hold that the applicable statute under which appellant was disciplined is not so vague that men of common intelligence must necessarily guess at its meaning and application. The fifth and sixth points of error are overruled.

■ Points of error seven through nine allege that the decision of the Board was made upon unlawful procedure, was arbitrary and capricious, and was not supported by substantial evidence. The trial court, when reviewing an administrative order, may not substitute its discretion for that delegated to the agency by the legislature; thus, the only question before the trial court is whether the order was arbitrary and made without regard to the facts. The test generally applied by the courts in determining the issue of arbitrariness of an administrative agency order is whether or not the agency's order is reasonably supported by substantial evidence. *Gerst v. Nixon,* 411 S.W.2d 350 (Tex.1966); *Phillips v. Brazosport Savings and Loan Association,* 366 S.W.2d 929 (Tex.1963).

■ The substantial evidence rule is that the finding of the administrative board will be sustained by the trial court if the finding is reasonably supported by substantial evidence. The decision of the trial court as well as the appellate court is to determine from all the evidence presented in the trial court whether as a matter of law the decision of the Board is supported by substantial evidence. The courts may consider relevant evidence that was available but not introduced at the administrative hearing. Of course, all of the evidence introduced before the administrative board that supported the Board's decision is relevant. After all of the evidence is in, the issue then before the trial court is not whether the Board came to the proper fact conclusion on the basis of the evidence received, conflicting as it may have been, but whether or not the Board acted arbitrarily and without regard to the facts. The trial court is not to substitute its discretion for that of the administrative tribunal; but rather is required to sustain the administrative board if the Board's action was reasonably supported by substantial evidence introduced at the trial court level. After all of the evidence has been received as a whole, and the trial court concludes that

reasonable minds could not have reached the conclusion that the Board reached, then the Board's action must be set aside. Otherwise, it must be sustained. *Jones v. Marsh*, 148 Tex. 362, 224 S.W.2d 198 (1949); *Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424 (1946). See also *Gerst v. Nixon*, 411 S.W.2d 350 (Tex.1966); *Gerst v. Goldsbury*, 434 S.W.2d 665 (Tex.1968); *Morgan v. Texas Alcoholic Beverage Commission*, 519 S.W.2d 250 (Tex.Civ.App.–Texarkana 1975, no writ); *Texas Employment Commission v. Keller*, 456 S.W.2d 225 (Tex.Civ.App.–Waco 1970, no writ); *Texas Employment Commission v. Riddick*, 485 S.W.2d 849 (Tex.Civ.App.–Texarkana 1972, no writ); *Lewis v. Southmore Savings Association*, 480 S.W.2d 180 (Tex.1972). Without reiterating the pertinent facts of the case as stated in the first part of our opinion, we hold that the order of the Board was supported by substantial evidence.

After considering the entire record and all the evidence, we hold that reasonable minds could have reached the same conclusion that the Board of Nurse Examiners reached in suspending Nurse Murphy's license. Appellant's points of error seven through nine are overruled.

The judgment of the trial court is affirmed.