David **HELMS d/b/a, The Thirsty Turtle, Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE, COMMISSION, Appellee.**

No. 13–85–010–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 30, 1985.

Rehearing Denied Nov. 7, 1985.

608

Larry Woody, Victoria, for appellant.

W. Reed Lockhoof, Asst. Atty. Gen., Austin, for appellee.

Emmett Cole, Jr., Victoria, for intervenor.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a judgment denying an application for an on-premises beer and wine retailer's permit.

On October 5, 1984, appellant, David Helms, applied to appellee, the Texas Alcoholic Beverage Commission (hereinafter TABC), for a permit to sell beer and wine on the premises known as "The Thirsty Turtle" located in Victoria County, Texas. After opposition to the issuance of such permit was filed by the Northside Baptist Church and others, an administrative hearing was conducted by the Honorable Donald R. Pozzi, a Special County Judge appointed to hear and render a decision on appellant's application. The church appeared in opposition. The Special Judge entered an order on behalf of TABC denying the permit sought by appellant on the ground that "[t]he place or manner in which the Applicant may conduct his business warrants the refusal of the license based on the general welfare, health, peace, morals, safety and sense of decency of the people of Victoria County." *See* TEX.ALCO.BEV.CODE ANN. § 61.42(a)(3) (Vernon Supp.1985).

In making this ruling denying the permit, the county judge had before him certain evidence. Included in the evidence were

about 94 letters of protest from property owners living in the immediate area, church members, members of the Board of a nearby public school, and from the Mayor, Chief of Police, and the Sheriff. Each commented about the probable increased traffic hazard and the overall adverse effects on the character of the neighborhood which would be caused by granting the permit at the proposed location. There was, however, a petition signed by approximately 450 individuals favoring the granting of the on-premises permit.

The appellant appealed the decision of the County Judge to the district court, seeking a review of the evidence and to set aside the adverse decision of the county judge. Appellant alleged, among other things, that the county court's denial of a beer and wine permit was not reasonably supported by substantial evidence and that the denial of his application discriminates between him and his competitors. A petition in intervention was filed in the district court by the church and by Ruth and John Nelson personally as residents near the location of the proposed licensed premises. The intervenors alleged that the place or manner in which the applicant (appellant) would conduct his business is of such a nature which, based on the general welfare, health, peace, morals, safety, and on the public sense of decency, warrants refusal of the permit.

The district court entered judgment affirming the administrative decision of the county court denying appellant's application for an on-premises permit. The appellant perfected his appeal from such judgment.

In his first point of error, appellant asserts that the district court erred in affirming the judgment of the county court because there was no substantial evidence to support the judgment.

■ The substantial evidence rule is that the finding of the administrative agency (or, as in this case, a county judge acting in an administrative capacity) will be sustained by the trial court if the finding is reasonably supported by substantial evidence. The duty of the trial court, as well as the appellate court, is to determine from all the evidence presented whether, as a matter of law, the decision of the agency (county court) was supported by substantial evidence. The evidence may be substantial and yet preponderate the other way. *See Lewis v. Metropolitan Savings & Loan Assn,* 550 S.W.2d 11, 13 (Tex.1977).

■ It is a rule that the court may consider relevant evidence that was available but not introduced at the administrative hearing. All of the evidence introduced before the administrative agency that supported the agency's decision is relevant. After *all* of the evidence is considered, the issue then before the trial court is not whether the agency came to the proper fact conclusion on the basis of evidence received (conflicting as it may have been), but whether or not the agency acted arbitrarily and without regard to the facts. *See Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424, 440 (Tex.1946).

■ The district trial court, or this appellate Court, is not to substitute its discretion for that of the administrative tribunal (the county judge in this case), but rather is required to sustain the administrative tribunal if its action is reasonably supported by substantial evidence presented to the trial court. If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the administrative court or agency reached, then the order must be set aside. Otherwise, it must be sustained. *Jones v. Marsh,* 148 Tex. 362, 224 S.W.2d 198, 202–03 (Tex.1949); *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424, 440–41 (Tex.1946). *See also Gerst v. Goldsbury,* 434 S.W.2d 665, 667 (Tex.1968); *Gerst v. Nixon,* 411 S.W.2d 350, 354 (Tex.1966); *Dienst v. Texas Alcoholic Beverage Commission,* 536 S.W.2d 667, 668–69 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Morgan v. Texas Alcoholic Beverage Commission,* 519 S.W.2d 250, 253–54 (Tex.Civ.App.—Texarkana 1975, no writ).

In the case at bar, the main evidentiary issue was based on the location of the proposed licensed premises. Evidence concerning the manner in which the applicant (appellant) may conduct his business was also raised briefly during the hearing before the special county judge.[1] The applicant's qualifications or character were not in issue. For a fully qualified applicant who is proposing to operate a lawful business in a wet area and in compliance with the zoning ordinances of the city to be denied a permit, some conditions or situations must be shown so as to justify the denial under TEX.ALCO.BEV.CODE ANN. § 61.42 (Vernon Supp.1985). *Texas Alcoholic Beverage Commission v. Mikulenka*, 510 S.W.2d 616, 619 (Tex.Civ.App.—San Antonio 1974, no writ); *see also Smith v. Cove Area Citizens Committee*, 345 S.W.2d 850, 852 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.). The evidence showed that appellant's business is located in a wet area and that appellant has met the procedural requirements for a permit. We pause to note, however, that the location and surroundings of a proposed retail beer and wine establishment and the number of such licensed establishments in the community are proper considerations and could be the basis for the refusal of a license. *See Elliott v. Dawson*, 473 S.W.2d 668, 670 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ). Each substantial evidence case must be decided on its own facts in relation to the above recited rules of law.

Appellant initially applied for a mixed beverage and a mixed beverage late hours permit which would have allowed him to sell mixed beverages until 2:00 a.m. These permits were denied. The Thirsty Turtle is presently an eating establishment with hours of operation from 11:00 a.m. to 11:00 p.m. Monday through Friday, and 12:00 p.m. to 11:00 p.m. Saturday and Sunday. The patrons are allowed to bring their own liquor and consume it on the premises in question. The facilities on the location have been remodeled to include a parquet dance floor and a large wooden ceramic-topped bar. All activities are presently conducted inside a closed building.

The property in question is situated on Laurent Street, a heavily traveled street designated as an arterial thoroughfare. The immediate area in which the proposed licensed premises is located is made up primarily of churches, schools and residences. There are segments of property up and down Laurent Street which are predominantly commercial in usage. There is no comparable type of business within a 5-block radius that allows on-premises consumption of alcoholic beverages.

The property of the proposed licensed premises is directly adjacent to, and on the same city block as, the Northside Baptist Church, both properties being on the east side of Laurent Street. The front door of Northside Baptist Church, *on a direct line*, is approximately 250 feet from the front door of the proposed licensed premises. The premises, however, are outside the minimum of 300 feet distance when figured in accordance with the regulations. *See* TEX.ALCO.BEV.CODE ANN. § 109.33 (Vernon Supp.1985). The evidence showed that there are a number of church, civic and social activities held on the premises of the church which take place daily from early in the morning until late in the evening (and sometimes overnight) involving young children, adults and elderly people. There is a private day school at the church with a large number of young children attending.

Located one block behind the proposed licensed premises is a large low-income housing project. The remainder of the area behind the premises is primarily residential in nature. Directly across Laurent Street from the proposed licensed premises is a large residential neighborhood of predominantly single family homes. Many children live in the immediate neighborhood

1. Several witnesses testified that the appellant had stated that he intended to keep some turtles in a tank at the restaurant and, when things got slow, allow the patrons to choose a turtle to engage in turtle races. The person who picked the fastest turtle would win a prize, such as a drink.

of The Thirsty Turtle establishment and play and travel within a close proximity to the business.

One block south and on the west side of Laurent Street is Shields Elementary School. The proposed licensed premises is located less than 700 feet from the nearest property line of the elementary school, although the premises are outside the minimum distance permitted by law. Approximately 500 students attend Shields and live in an area within approximately a two-mile radius of the school. It was also shown that these children generally walk or ride their bicycles to and from school, or are brought to school in automobiles driven by parents. There are a large number of activities, other than the usual school activities, that take place at the school which involve both children and adults.[2]

The appellant gave testimony as to the location of other "on premises" businesses in the area. It was shown that five blocks up Laurent Street from The Thirsty Turtle there was a business operating with an on-premises beer and wine license. Eight blocks away, on the same street, is an establishment selling mixed drinks on the premises. Fourteen blocks away, on the same street, is another establishment operating with an on-premises mixed beverages permit.

There was substantial testimony that the granting of the beer and wine permit at the proposed licensed premises would result in an adverse change in the character of the neighborhood. There was testimony that the granting of the permit at this location would result in an increase in the number of patrons and combined with a limited amount of parking (i.e., 37 parking spaces), would result in an even greater amount of traffic and congestion on this already heavily traveled street. There was also testimony that the increased traffic congestion and the increased probability of persons driving under the influence of alcohol

in the immediate area would result in an increase in danger to area children and residents and a hazard to the general public.

The other apparent reason for the denial of the permit was based on the general welfare and safety of persons in the vicinity of The Thirsty Turtle. In this respect, Officer Rodney Tashiro, a member of the Sheriff's Department, was quoted by another witness, without objection, as having stated: "that the presence of an establishment that sells or serves alcoholic beverages in an immediate location of a residential neighborhood, and especially in the vicinity of a low-income housing project, results in a increase and [sic] police activity in that area."

City Police Captain Jessie Ramirez, with twenty-three years experience with the police department, testified as follows:

Q. Do you, based on your experience as a police officer, have an opinion as to whether or not the granting of this license would increase the hazard to the general—in the license we are talking about—a license to consume on premises beer and wine at the Thirsty Turtle? Do you have an opinion, based on your experience, whether or not that would increase the hazard to the general welfare and safety, and peace of that particular neighborhood?

A. Yes, sir. I feel it would.

Chief of Police Kenneth Rosenquest recommended that the permit be denied at this location, saying that: "the location of this business in an area that is primarily residential, near a public elementary school, and a church with a private elementary school, and a low income housing project would change the character of this neighborhood as it presently exists and would

---

2. The P.T.A. meets once a month at the school from 7:00 p.m.—9:00 p.m.; the boy scouts meet there in the evening several times a month; football teams (Little League and the YMCA) practice there two or three days a week until 5:00 p.m.; the YMCA Sunshine program is held there every Tuesday from approximately 2:15 p.m. to 4:30 p.m.; and other seasonal activities occur, such as the Halloween Carnival.

affect the health, safety and welfare of the community."

Sheriff Dalton G. "Dutch" Meyer wrote a letter to the county judge objecting to the granting of the application for the wine and beer retailer's permit at the Thirsty Turtle. Sheriff Meyer stated:

This business is located in an area that is primarily residential and [sic] close proximity to a public elementary school. In addition it adjoins Church property which also operates a day school for pre-school children. The traffic generated from the business would pose an immediate danger to the many elementary aged children using the sidewalks in going to and from school. In addition the operation of this business would represent an adverse change in the nature of the neighborhood and contribute adverse effects to the general welfare, health, peace and morals of the neighborhood.

We also note that the record before the district court contained letters from a number of residents of Victoria who had expressed similar reasons why the TABC should deny the mixed-beverage permit. The Honorable Ted Reed, Mayor of the City of Victoria, stated in a letter addressed to the TABC that the location of The Thirsty Turtle is in a primarily residential neighborhood and that, in addition to a large number of residences, within a two-block radius of the location is a public elementary school, a private parochial elementary school, a church, and a low-income housing project. The Mayor also expressed his opinion that "the granting of these permits in this location would serve to change the character of this neighborhood as it presently exists and would adversely affect the health, safety and welfare of the community."

■ Considering the entire record and all the evidence, we cannot say that reasonable minds could not have reached the same conclusion that the county court reached in denying appellant his permit. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the decisions of the trial court and the county court denied him the right to equal protection of the law as guaranteed by the Constitution of the United States and the State of Texas in that other restaurants along Laurent Street that are in direct competition with the appellant have been granted permits to sell beer and wine, while he has been denied such a right.

The County Court Special Judge, after hearing considerable evidence and personally viewing the premises in question and the surrounding area, found there were no establishments licensed for on-premises consumption within a five block radius of the proposed licensed premises and that the location of the proposed licensed premises on this already heavily traveled thoroughfare, in the middle of an area comprised of residences, a church and schools, would cause an increased traffic hazard and would result in an increase in danger to area children and residents and a safety hazard to the general public. *See* TEX. ALCO.BEV.CODE ANN. § 61.42(a)(3) (Vernon Supp.1985).

■ There appears no evidence that the statute which provides for the protection of the people of this State under the legitimate exercise of the State's police power was applied discriminatorily. *See Dienst v. Texas Alcoholic Beverage Commission*, 536 S.W.2d at 670–71; *Morgan v. Texas Alcoholic Beverage Commission*, 519 S.W.2d 250, 253 (Tex.Civ.App.—Texarkana 1975, no writ). Appellant's second point of error is overruled.

In his third point of error, appellant contends that he was denied due process because of the manner that the administrative hearing before the special county judge was conducted. His primary complaint is that he was denied the right to cross-examine several witnesses.

Specifically, a letter in opposition to the permit signed by Kenneth Rosenquest, Chief of Police of Victoria County, was admitted into evidence for consideration by the county judge. *See* TEX.ALCO.BEV. CODE ANN. § 61.32(c) (Vernon 1978).

Similarly, a letter signed by Dutch Meyer, Sheriff of Victoria County, was admitted into evidence. Appellant contends that these written recommendations were received into evidence and considered by the court without either of these two persons being present to be sworn in or cross-examined by appellant.

At the county court hearing, appellant objected to the introduction of both these letters solely on *hearsay* grounds. At no time did appellant complain to the county judge that he was denied a right to cross-examine the Chief of Police or Sheriff and, therefore, denied due process. The record before us does not show that appellant ever attempted to subpoena the Chief of Police or the Sheriff as adverse witnesses, nor does the record reflect that appellant requested a recess during the administrative hearing so that he could obtain their presence.

We hold that, under these circumstances, the county court properly considered the recommendations of the Chief of Police and County Sheriff. *See id.* at § 61.32(c) and TEX.R.EVID. 803(8) and 901(7). Appellant's third point of error is overruled.

In his fourth point of error, appellant contends that section 61.42(a)(3), relied on by the county court to deny his permit, is unconstitutional because it is impermissibly vague. Section 61.42(a) mandates the county judge to "refuse to approve" an application for a license as a distributor or retailer if he has reasonable grounds to believe and finds that:

> (3) the place or manner in which the applicant for a retail dealer's license may conduct his business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and sense of decency of the people.

Whenever an attack on the constitutionality of a statute is presented for determination, there is a presumption that such statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting the statute. The burden is on the individual who challenges the Act to establish its unconstitutionality. *International Association of Firefighters v. City of Kingsville,* 568 S.W.2d 391, 393–94 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

Furthermore, a statute is only considered to be unconstitutional when it is so incomplete, vague, indefinite and uncertain that it forbids the doing of an act so vague that men of common intelligence must necessarily guess at its meaning. *Sanders v. State Department of Public Welfare,* 472 S.W.2d 179, 182 (Tex.Civ.App.—Corpus Christi 1971, writ dism'd w.o.j.). *See Murphy v. Rowland,* 609 S.W.2d 292, 297 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Appellant failed to meet this burden. Appellant's fourth point of error is overruled.

In his fifth and final point of error, appellant complains that the county court erred when, under color of State law, it allowed a church to effectively veto appellant's application for a permit. In that regard, appellant goes on to complain that the State of Texas has "encouraged and fostered the establishment of a religion" in violation of the Establishment Clause of the First Amendment to the constitution of the United States.

Appellant's argument, although multifarious, is basically that the Northside Baptist Church opposed his permit on philosophical and morality issues rather than bonafide legal grounds. We disagree. This argument goes to the heart of the substantial evidence issue. Without reiterating the pertinent facts of the case as stated in the first part of this opinion, we hold that the order of the county court was supported by substantial evidence. Appellant's fifth point of error is overruled.

The judgment of the trial court is AFFIRMED.

### OPINION ON MOTION FOR REHEARING

We have reviewed that portion of our original opinion which discusses appellant's

objection on hearsay grounds to the letters admitted as evidence in opposition to appellant's permit application. Appellant's Motion for Rehearing complains that TEX. ALCO.BEV.CODE ANN. § 61.32(c) (Vernon 1978) and TEX.R.EVID. 803(8) and 901(b)(7) do not support the admission of those letters.

■ As stated in our original opinion, appellant's objection to the letters was based on hearsay grounds only. On appeal, appellant complained that he was denied due process, and did not reurge his hearsay objection. Therefore, neither the hearsay objection at trial nor the point of error urging denial of due process was properly before us.

■ Additionally, it is a well-settled rule that a judge sitting without a jury can provisionally admit evidence during trial. It is then presumed on appeal that the judge had disregarded any incompetent evidence in reaching a judgment. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 450 (1982); *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760, 765 (1942); *Kaufhold v. McIver*, 682 S.W.2d 660, 668 (Tex.Civ.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Raymond v. Aquarius Condominium Owners Ass'n*, 662 S.W.2d 82, 92 (Tex.App.—Corpus Christi 1983, no writ).

Finally, even if there was error in admitting the letters of the public officials, there was sufficient other evidence to support the finding of the county court. Therefore, we cannot say that the error, if any, resulted in the rendition of an improper judgment. TEX.R.CIV.P. 434; *Raymond v. Aquarius Condominium Owners Ass'n*, 662 S.W.2d at 92. Appellant's Motion for Rehearing is overruled.