101 Club v. Tex Alcoh Bev Com 






NO. 10-90-094-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          101 CLUB, INC.,
                                                                                            Appellant
          v.

          TEXAS ALCOHOLIC BEVERAGE COMMISSION
          ET AL,
                                                                                            Appellees

* * * * * * * * * * * * *

 From 40th Judicial District Court 
Ellis County, Texas
Trial Court # 46,077

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          This appeal is from an order of the 40th District Court of Ellis County in favor of the
Texas Alcoholic Beverage Commission (TABC) denying 101 Club, Inc. ("the club") an original
private club registration permit and a beverage cartage permit. The club alleges the court erred
in granting judgment for the TABC because the agency's decision denying the permits was not
supported by substantial evidence. The trial court's judgment will be affirmed.
          The club is located in a "dry area" of Ellis County near Waxahachie. Frank Gamba, the
club's president, intends to open a family-oriented Spanish and Italian restaurant in conjunction
with the private club. He indicated to the TABC that he will open the restaurant whether or not
the permits allowing him to serve alcohol on the premises are granted. Several concerned citizens
living in the immediate area filed protests to the issuance of the permits asserting that the location
of the club was not appropraite for the serving of alcohol. 
           Following a hearing before the TABC, the hearing examiner entered her proposal for
decision in favor of the club. However, after reviewing the record, the assistant administrator for
the TABC rejected the examiner's proposal and denied the issuance of the permits, finding that
the proposed location of the club was not suitable for the serving of alcoholic beverages -- ". . .
that the place in and of itself merits the denial of a permit." The district court affirmed the
agency's decision after reviewing the record of the agency proceedings and found that the
administrative decision was supported by substantial evidence. 
          The issue facing both the district court and this court is not whether the TABC officer's
ruling was correct, but whether it was reasonable; that is, whether the agency acted arbitrarily and
without regard to the facts. See Texas Alcoholic Beverage Com'n v. Sierra, 784 S.W.2d 359, 360
(Tex. 1990); Helms v. Texas Alcoholic Beverage Com'n, 700 S.W.2d 607, 610 (Tex. App.--Corpus Christi 1985, no writ). In making this determination, we are not authorized to substitute
our judgment or discretion for that of the TABC administrative officer. Id. The administrative
ruling must be reviewed under the substantial evidence test. See Tex. Alco. Bev. Code Ann.
§§ 61.34, 11.67(b) (Vernon 1978, Supp. 1991). The test is "whether the evidence as a whole is
such that reasonable minds could have reached the conclusion that the agency must have reached
in order to justify its action." See Texas State Bd. of Dental Examiners v. Sizemore, 759 S.W.2d
114, 116 (Tex. 1988). The administrative ruling must be sustained if its action is reasonably
supported by substantial evidence presented to the trial court. See Helms, 700 S.W.2d at 610. 
If the evidence as a whole is such that reasonable minds could not have reached the conclusion that
the agency reached, then the order must be set aside; otherwise, it must be upheld. See Jones v.
Marsh, 148 Tex. 362, 224 S.W.2d 198, 202-203 (Tex. 1949).
          The club is located at 101 Becky Lane, where Becky Lane intersects State Highway 77,
just outside the Waxahachie city limits. The northern city limits of Waxahachie end with Becky
Lane. The club's parking lot entrance would open directly onto Highway 77, a heavily-traveled,
two-lane highway which branches off Interstate 35 approximately six miles north of the club. 
Traffic exiting I-35 to enter the downtown business district of Waxahachie must pass through the
intersection of Becky Lane and Highway 77. 
          Although Highway 77 in this area is generally commercial in nature, residences are located
along Becky Lane south of the club as well as 150 feet east. Becky Lane and Tracy Lane, the first
street north of Becky Lane, are generally residential, with numerous small children living in the
area. School buses run regularly in the neighborhood. The Mexia State School, which serves the
mentally retarded, operates a training facility or "opportunity workshop" adjacent to the club on
Highway 77. It is possible that a school will be built on the fifty-acre tract to the south of the club
across Highway 77 in three to five years, depending upon the growth pattern in the area. The
Waxahachie Independent School District presently owns this acreage, and the deed restricts the
use of the land to that of a school site. A Baptist church is located approximately three blocks
from the location in question, and a private psychiatric hospital with a drug abuse and alcohol
rehabilitation center, offering both in-patient and out-patient treatment, is located on Highway 77
directly across from the church. 
          The county judge and sheriff of Ellis County testified at the administrative hearing. Judge
Redington related that forty or forty-five people had contacted her to express their concern that
the traffic in the area was already extremely congested and that the location itself was simply not
appropriate for serving alcohol. She further indicated that she did not believe the proposed
location of the club was appropriate for serving alcohol to the public and that much better places
could be found. Sheriff Gage had been surprised to learn of the private club application. He
estimated that he had been contacted by approximately ninety citizens. He opposed the granting
of the permit and pointed out the tremendous law enforcement problems posed by the club at that
particular location because it falls within the county jurisdiction rather than within the jurisdiction
of Waxahachie. Gage explained that his thirty deputies were having difficulty covering the 1,000
square miles in the county under the present circumstances and that the serving of alcohol to the
public in that location would add to the problem. Gage described the traffic congestion already
existing in the area, especially just north of the location in question where Highway 77 intersects
State Highway 342, resulting in what he believed to be the most dangerous intersection in the
county. 
          Having considered the totality of the evidence, we hold that the decision of the TABC to
deny the club's application for a private club permit in a "dry area" was reasonably supported by
substantial evidence. The TABC did not abuse its discretion in giving "due consideration" to the
recommendations of the county judge and sheriff of Ellis County. See Tex. Alco. Bev. Code
Ann. §11.41 (Vernon 1978). Moreover, the proximity of the proposed licensed premises to a
hospital, school, church, residential areas with many children, and the potentially hazardous traffic
conditions, further justifies the denial of the alcoholic beverage permit. See Sierra, 784 S.W.2d
at 360-61; Jones, 224 S.W.2d at 203; Helms, 700 S.W.2d at 611-12. 
          Based upon the testimony of the seven witnesses who testified against the application, the
TABC had reasonable grounds to believe that "the place or manner in which the applicant may
conduct his business warrants the refusal of a permit based on the general welfare, health, peace,
morals, and safety of the people and on the public sense of decency."     See Tex. Alco. Bev.
Code Ann. §11.46 (Vernon Supp. 1991). Given the evidence as a whole, reasonable minds could
have reached the conclusion that the TABC reached in order to justify its action. The judgment
is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed April 25, 1991
Do not publish



er section 22.04(k)(1)(B), and despite the apparent language to
the contrary, the legislature did not intend to discourage persons licensed in
the healing arts (such as nurses and physician assistants) from providing
emergency medical care when not under the direction of a licensed physician.