**Marvin D. PADGETT, Appellant,**

v.

**Freddie R. GRIFFIN et al., Appellees.**

**No. 4138.**

Court of Civil Appeals of Texas.

Waco.

April 4, 1963.

W. M. Zachry, Waco, Minor L. Helm, Jr., Waco (on appeal only), for appellant.

Beard, Kultgen & Beard, Waco, for appellees.

TIREY, Justice.

This is an appeal from an order of the District Court of McLennan County sustaining the action of the County Court in refusing to approve the application of Marvin D. Padgett, for a retail off-premises beer license. Padgett's application was filed in the County Court pursuant to the provisions of Article 667–5, Vernon's Annotated Penal Code. This Article provides in part:

"* * * The County Judge shall refuse to approve the application for such license if he has reasonable grounds to believe and finds any of the following to be true: * * *

"2. * * * (c) That the place or manner in which the applicant for a Retail Dealer's License may conduct his business is of such nature which based on the general welfare, health, peace, morals, and safety of the people, and on the public sense of decency, warrants a refusal of the license; * * *."

Article 667–6, Sec. (d) provides in part:

"* * * In the granting or withholding of any license to sell beer at retail, the county judge in forming his conclusions shall give due and proper consideration to any recommendations made by the district or county attorney or the sheriff of the county, and the mayor and chief of police of any incorporated city or town wherein the applicant proposes to conduct his business and to any recommendations made by representatives of the Board."

After the Statement of Facts was signed by the attorneys and the official court reporter there is a page attached in the back which says:

"Statement of Mr. Frank Beard: Article 667–6 allows the District Attorney's Office to make a recommendation and we are making the same recommendation that we made below. Based upon the evidence presented we would recommend that the license be withheld."

The attorneys in oral argument before the Court stipulated that the foregoing statement was made in the trial of the cause.

Evidence was tendered to the effect that the Knights of Columbus, a fraternal organization, holds an on-premises license to sell beer in the immediate vicinity of the proposed Padgett location; that excluding the Knights of Columbus location, the nearest retail beer dealer is located two or three miles from such proposed Padgett

location; that the Knights of Columbus do not sell beer to the public at large, but only to their members; that use of the Knights of Columbus Hall is confined to members of the organization, save and except when they have a social and invite other guests; that in the opinion of persons acquainted with property values in the area, granting a beer license at Padgett's location would have an adverse effect on property values over a wide area in the vicinity; that people opposed to the sale of beer and children of parents opposed to the sale of beer have to pass Padgett's location in going to and from school and church (although it is not solely exclusive); that the granting of the license would, in the opinion of the school superintendent, be detrimental to the Midway School; that the Woodway-Midway Area in which lies the Padgett location is a separate and distinct community, and that the Padgett proposed location is in the Midway-Woodway community; that the sale of beer at such Padgett location would be offensive to the public sense of morals and decency in the Midway-Woodway Community and surrounding communities.

The judgment is assailed on two points. They are substantially to the effect that the Court erred: (1) In affirming the County Judge's denial of the beer permit, for the reason that said denial was discriminatory as to Padgett, in view of the existence of other beer permits in the vicinity; and (2) Because the order was not supported by substantial evidence rule as required under the applicable law. We overrule each of these points for reasons hereinafter briefly stated. First of all, our Su-

preme Court in Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, carefully reviewed the Articles to the Penal Code controlling this particular matter, and in so doing wrote a very clear and comprehensive opinion which has not been changed by our Supreme Court, and this opinion is applicable and controlling here. The opinion of the Supreme Court held that the County Judge in passing upon an application for a license to sell beer acts in an administrative rather than a judicial capacity, and further held that the correctness of the order of the County Judge, and consequently of the judgments of the District Court, and Court of Civil Appeals, is to be tested by the application of the substantial evidence rule, and further held:

"Stating again the substantial evidence rule, it is that the finding of the administrative body or agency will be sustained by the court if it is reasonably supported by substantial evidence, meaning evidence introduced in court. It is for the court, whether trial or appellate, to determine as a matter of law the reasonableness of the support afforded by substantial evidence, and in making its decision of this question the court examines and takes into consideration all of the evidence."

Under the record here made, we are of the view that the district court properly affirmed the judgment of the county court and denied the application of Padgett.

Accordingly, the judgment of the District Court is

Affirmed.