**THOMAS & BETTS CORPORATION, Relator,**

**v.**

**The Honorable John C. MARTIN, Judge, 2nd 9th Judicial District Court of Montgomery County, Texas, Respondent.**

**No. 09–90–051 CV.**

Court of Appeals of Texas, Beaumont.

Sept. 20, 1990.

John B. Beckworth, Fulbright & Jaworski, Houston, for relator.

K. Michael Mayes, Law Offices of K. Michael Mayes, P.C., Jimmie P. Price, Price & Price, Conroe, Raymond T. Matthews, Tekell, Book, Matthews & Limmer, Marc A. Sheiness, Hirsch, Glover, Robinson & Sheiness, James M. Riley, Jr., Coats, Yale, Holm & Lee, Houston, Sherman C. Stearns,

Amsler, Amsler & Stearns, McGreagor, JoAnn Storey, Davis & McFall, Houston, William L. Ehrle, Ehrle & Associates, Edwin N. Horne, Atty. General's Office, Austin, for respondent.

## ORIGINAL PROCEEDINGS

## OPINION

BURGESS, Justice.

This is a mandamus proceeding involving a discovery controversy. Relator alleges the trial court abused his discretion in quashing a subpoena duces tecum.

Lisa Ferguson, Ariell Lindsay, Jerald Underwood and Aaron Grunsted filed suit against Relator and others alleging wrongful death, survivor and bystander causes of action. This lawsuit arises out of a mobile home fire which occurred on May 24, 1986, and resulted in the death of Adam Lindsey, an infant. Lisa Ferguson is the grandmother of Adam Lindsay. Ariell Lindsay is the daughter of Lisa Ferguson and the mother of Adam Lindsay. Jerald Underwood and Aaron Grunsted are the minor sons of Lisa Ferguson and the uncles of Adam Lindsay.

On April 24, 1989, Relator served the Montgomery County Children's Protective Services [MCCPS] with a notice of deposition on written questions and a subpoena duces tecum. The notice and subpoena sought production of all records pertaining to child abuse complaints and/or investigations regarding the plaintiffs. When MCCPS failed to respond to the subpoena, Relator filed a motion to compel on July 18, 1989. In response to this motion, plaintiffs filed a motion to quash and/or for a protective order. MCCPS filed a motion for protective order on September 1, 1989. The trial court held a hearing on September 5, 1989, concerning the discoverability of the MCCPS' records. The attorney for MCCPS delivered the subpoenaed records for in camera inspection by the court in the event that the court refused to grant the motion for protective order. After hearing argument of counsel, the trial court signed an order granting the plaintiff's motion for protective order and denying Relator's motion to compel MCCPS to produce the records. The trial court held that Relator was not entitled to discover any of the MCCPS records. Relator brought this mandamus action seeking to have this court order Respondent to vacate his order denying Relator's motion to compel and to order Respondent to enter an order compelling MCCPS to release the records to Relator.

In the trial court and in this court, the plaintiffs urge several privileges, both statutory and constitutional, prohibit discovery of these documents. The plaintiffs in this case have petitioned the court for affirmative relief due to damages they have allegedly suffered through loss of society and companionship of the deceased child, and through having been bystanders who witnessed the child's death. Therefore, the issue of the true cause and extent of such damages is an essential element of the plaintiffs' claims. Relator has a right to discover documents reasonably calculated to lead to discovery of admissible evidence, if such documents are relevant to the subject matter of the suit. TEX.R. CIV.P. 166b. The plaintiffs may not seek affirmative relief in the courts with one hand and with the other "lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon [their] right to maintain [their] action." *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985). This is an offensive rather than defensive use of the asserted privileges. Therefore, the plaintiffs have waived any privileges they may have regarding these records by bringing this suit. *Id.*

MCCPS, on its part, urges that these documents are not discoverable under the provisions of TEX.FAM.CODE ANN. sec. 34.08 (Vernon 1986). Relator argues that MCCPS' assertion of privilege was untimely under TEX.R.CIV.P. 177a, and therefore, the agency may not resist discovery of these documents. Rule 177a provides that the recipient of a subpoena duces tecum must file any motion seeking to resist production of the documents "seasonably and in any event at or before the

time specified in the subpoena for compliance therewith." The agency in this case received the subpoena in April 1989 and did not file any motion to quash it until September 1, 1989. Privileges may be waived by failure to timely assert them. *Hobson v. Moore*, 734 S.W.2d 340 (Tex.1987); *Villarreal v. Dominquez*, 745 S.W.2d 570 (Tex.App.—Corpus Christi 1988, no writ). Therefore, even if it had a right to assert a privilege under the Family Code, or otherwise, MCCPS waived any such privilege it may have had by failing to assert such privilege within ten days as specified in the subpoena as required in Rule 177a.

Therefore, we hold that Respondent abused his discretion in entering the order denying discovery of the requested documents sought by Relator. We are confident the trial court will abide by this decision. The writ of mandamus is conditionally granted, and will not issue if Respondent vacates his order of March 5, 1990, and signs an order compelling Montgomery County Children's Protection Services to comply with the subpoena duces tecum.

WRIT CONDITIONALLY GRANTED.