**ST. LUKE'S EPISCOPAL HOSPITAL, Relator,**

v.

**The Honorable Carolyn Clause GARCIA, Judge, 151st Judicial District, Harris County, Texas, Respondent.**

No. 14–96–00928–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 9, 1996.

David J. Beck, Linda K. McCloud, Houston, Roy Q. Minton, Martha S. Dickie, Robert J. Hearon, Seldon Anne Wallace, Diane A. Marshall, Terry J. Moreau, Houston, for appellants.

Shelby R. Rogers, John L. Hill, Andy Taylor, Roland Garcia, Russell W. Miller, Houston, for appellees.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

FOWLER, Justice.

In this original proceeding, relator, St. Luke's Episcopal Hospital, seeks a writ of mandamus ordering the respondent, the Honorable Carolyn Clause Garcia, to vacate the order signed July 26, 1996 striking and overruling objections and compelling production of documents. We conditionally grant the writ.

In the underlying lawsuit, the real party in interest, Texas Medical Center ("TMC"), served relator on July 8, 1996 with notices of intention to take depositions by written questions of the custodians of records of two law firms representing relator. These notices were pursuant to Rule 208 of the Texas Rules of Civil Procedure and were accompanied by subpoenas duces tecum. The notices and subpoenas were served on the law firms on July 8, 1996, and the notices stated that the depositions would occur 10 days after the service of the notice pursuant to a subpoena duces tecum. On July 19, 1996, relator filed objections to the requests for documents, asserting attorney-client privilege, work product privilege, party communications privilege, and other privileges. TMC filed a motion to strike relator's objections and cross questions and to compel production of all responsive documents. The dispute between the parties arises in part because of their disagreement as to when the depositions were to occur. TMC argues that the depositions were set by the notices on July 18, which was 10 days after service. Relator argues before this court that there was no date certain because neither the subpoena nor the notices contained a date, time, or place for the depositions. After a hearing, the trial court entered an order striking relator's objections on the ground that the objections were "untimely and therefore waived."

Relator sought mandamus relief, requesting that we order Judge Garcia to vacate her July 26, 1996 order striking relator's objections and compelling production of documents

■ Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court could reasonably have reached only one decision. *Id.* at 918. As to determination of legal principles, an abuse of discretion occurs if the trial court clearly fails to analyze or apply the law correctly. *Walker*, 827 S.W.2d at 840.

■ In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Id.* Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989). An appellate remedy is not inadequate merely because the party may incur more expense and delay than in obtaining the writ. *Walker*, 827 S.W.2d at 842. However, appellate remedy may be inadequate in three situations: (1) when the appellate court cannot cure the trial court's discovery order, such as where the trial court orders disclosure of privileged documents; (2) where the party's ability to present a viable claim or defense is vitiated or severely compromised; and (3) when the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, thereby precluding appellate review. *Id.* at 843.

■ Because the order in question requires production of allegedly privileged material, we find remedy by appeal in this case inadequate. Therefore, we hold relator is entitled to seek relief by mandamus and we turn to the events that transpired below.

In its motion to strike relator's objections, TMC argued relator's objections were untimely under Rule 208 and that the objections raised were the same ones raised and overruled by the Court in a prior order. In the hearing, however, TMC also raised Rule 177a in support of its motion to strike. The order itself specifically relies on Rules 208, 177a, and 166b. Because the July 26, 1996 order does not rely on a prior order, we need not address that ground.

Relator argues that the trial court abused its discretion in striking relator's objections under these three rules. We turn first to the Rule 208 basis for the order. As to Rule 208, the order stated:

> [St. Luke's] was served with notice on July 5, and did not file objections or cross questions until July 19, and the time expired pursuant to Rule 208, TRCP.[1]

Rule 208 is entitled, "Depositions Upon Written Questions" and generally sets forth the procedures litigants are to follow when using this type of deposition. Relator asserts that Rule 208 sets out time parameters that might result in waiver from a failure to file timely objections but expressly limits any waiver to the *form* of the written deposition questions:

> Objections to the *form* of written questions are waived unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other questions and within five days after service of the last questions authorized. The court may for cause shown enlarge or shorten the time.

TEX.R.CIV.P. 208(3) (emphasis added). Objections to the form of a question usually involve the following objections: "(1) assumes facts in dispute or not in evidence; (2) is argumentative; (3) misquotes a deponent; (4) is leading; (5) calls for speculation; (6) is ambiguous or unintelligible; (7) is compound; (8) is too general; (9) calls for a narrative answer; and (10) has been asked and answered." 5 TEXAS CIVIL TRIAL GUIDE § 100.23[3][c] (W.V. Dorsaneo III & Earl Johnson, Jr., eds.).

---

1. Both parties agree that the law firms received the notices and subpoenas on July 8.

▇ Because relator has no objection to the form of TMC's written questions, relator claims the provision in Rule 208 regarding timeliness of objections is inapplicable. We agree. In its objections to the deposition notice and subpoena duces tecum, relator's primary objections are substantive objections relating to privilege. We hold that the ten-day limitation in Rule 208 is inapplicable to substantive objections. Therefore, the trial court abused its discretion to the extent the trial court's July 26, 1996 order finds relator's objections untimely pursuant to Rule 208.

Although TMC did not raise other grounds in its motion to strike relator's objections, during the hearing, TMC offered Rule 177a as further support for striking relator's objections. Rule 177a is entitled "Subpoena for Production of Documentary Evidence" and provides what action a court may take regarding an unreasonable and oppressive subpoena or a subpoena that will require the person to whom it is directed to incur costs by reason of the subpoena. It states that on motion a court may quash the subpoena or require the person requesting the subpoena to pay the reasonable costs of complying with the subpoena. As to Rule 177a, the order stated:

> Rule 177a, TRCP requires the presentation to the court of a motion to quash or modify a subponea [sic] *seasonably, and in any event at or before the time specified in the subpoena for compliance therewith. . . . .* Objections to avoid compliance, must be made within ten days of service. The failure to timely file an objection or motion to quash waives the objection to the subpoena dues [sic] tecum. Rule 177a, TRCP [emphasis in original]

TMC contends Rule 177a is made applicable by references in Rule 208 and Rule 201. Rule 208 refers to Rule 201 for compelling the attendance of witnesses and the production of designated items. TEX.R.CIV.P. 208(1). Rule 201 in turn states that document requests served by subpoena duces tecum are subject to the provisions of Rules 177a and 166b. TMC also relies on a case construing Rule 177a, *Thomas & Betts Corp. v. Martin,* 798 S.W.2d 366 (Tex.App.—Beau-

mont 1990, orig. proceeding), *mand. overruled per curiam,* 806 S.W.2d 222 (Tex.1991).

Rule 177a permits a party to move to quash a subpoena on the grounds it is unreasonable or oppressive if the motion is "made *seasonably and in any event at or before the time specified in the subpoena for compliance therewith. . . .*" TEX.R.CIV.P. 177a (emphasis added). The Beaumont Court of Appeals held that filing a motion to quash a subpoena nearly five months after receipt of the subpoena was not timely under Rule 177a. *Martin,* 798 S.W.2d at 368. In *Martin,* the subpoena specified ten days as the time for compliance. *Id.* Because the motion to quash the subpoena was not filed during the specified ten-day period, the court held the privileges asserted in the motion to quash were waived. *Id.*

In the instant case, relator did not file a motion to quash, but filed objections to the notices of deposition and the subpoenas duces tecum. TMC appears to argue that the only way to preserve objections to questions or document requests in a deposition on written question with an accompanying subpoena duces tecum is by filing a motion to quash pursuant to Rule 177a. Relator, however, claims that, because Rule 177a does not mention objections to a subpoena or to specific requests for production, Rule 177a is not controlling. The trial court agreed with TMC's interpretation of Rule 177a.

The language of Rule 177a indicates that it applies only to motions to quash or to modify a subpoena. Furthermore, Rule 177a provides for such motions if the subpoena is "unreasonable and oppressive." TEX. R.CIV.P. 177a. In determining whether a deposition notice or subpoena duces tecum is unreasonable and oppressive, the following factors are relevant: "(1) the quantity of materials subpoenaed, (2) the ease or difficulty of collecting and transporting the materials, (3) the length of time before the deposition, (4) the availability of the information from other sources, and (5) the relevance of the materials. 5 TEXAS CIVIL TRIAL GUIDE § 100.12[1][b][6] (W.V. Dorsaneo III & Earl Johnson, Jr., eds.). We do not find authority for the conclusion that claims of privilege are

grounds for arguing that the subpoena is unreasonable and oppressive.

 Certainly, claims of privilege have been raised in motions to quash. *See Martin,* 798 S.W.2d at 368. If privilege claims are made in a motion to quash, Rule 177a controls the time for filing such a motion. *See id.* If a motion to quash raising privilege claims is not made within the Rule 177a time period, those privileges are waived. *Martin,* 798 S.W.2d at 368. Contrary to the statement contained in the trial court's order, *supra,* Rule 177a *does not* state that objections must be made within 10 days, it merely says that objections must be seasonably made or in any event at or before the time for production. *Martin* does not address the situation we have here, where no motion to quash was filed, and we find no language in the Rules of Civil Procedure or in case law stating that a motion to quash is the *only* method for raising objections to a notice of deposition accompanied by a subpoena duces tecum.[2] Moreover, we reiterate that, on its face, Rule 177a appears to provide an avenue for relief from unreasonable and oppressive subpoenas or subpoenas requiring the recipient to expend some amount of money in copying costs. Because we find that Rule 177a does not apply to the objections filed by relator, we hold the trial court abused its discretion to the extent the order striking relator's objections is based on Rule 177a.

 Relator argues that its objections properly fall under the guidelines of Rule 166b(4). Rule 166b is the general discovery rule governing form and scope of discovery, protective orders, and supplementation of responses. TEX.R.CIV.P. 166b. Rule 166b(4) provides for the filing of objections or a motion for protective order to preserve objections. TEX.R.CIV.P. 166b(4). Regarding timeliness of objections, Rule 166b(4) pro-

vides: "After the date on which answers are to be served, objections are waived unless an extension of time has been obtained by agreement or order of the court or good cause is shown for the failure to object within such period." TEX.R.CIV.P. 166b(4).

TMC argues that the date on which answers are to be served is shown in the notices of deposition sent to relator and the law firms. These notices state: "PLEASE TAKE NOTICE that in accordance with Rule 208 of the Texas Rules of Civil Procedure, ten (10) days after service of this Notice of Intention to Take Deposition by Written Questions of [the deponents], a deposition by written questions pursuant to a subpoena will be taken. . . ." The deponents in the instant case were not parties to the suit. Where the deposition on written questions is of non-parties, a subpoena is the instrument that compels the non-parties to respond. *See* TEX.R.CIV.P. 201(1), (2). Where the non-party is being compelled by a subpoena duces tecum to produce documents or items, Rule 201 provides that the subpoena "shall direct with particularity the witness to produce, at such time and place designated, documents or tangible things which constitute or contain evidence or information relating to any of the matters within scope of the examination. . . ."

Relator observes that the instant subpoenas themselves do not state the specific time for production, but instead contain a blank where the date should go. In addition, relator points out that the notices do not contain a time or place for producing the documents.[3] Thus, relator reasons the time for serving answers as required by Rule 166b(4) is not determinable from the subpoena or the notices. Relator argues the time for serving answers should instead be the actual date the depositions were to occur by agreement, which relator alleges was to be July 29.

---

**2.** Other jurisdictions have reached similar conclusions to that we reach today in analogous situations. *See Mann v. University of Cincinnati,* 824 F.Supp. 1190, 1200 (S.D.Ohio 1993) (stating that a party opposing discovery could object to the discovery on the basis of privilege or could seek a motion to quash or a motion for protective order); *Friedman v. Hi–Li Manor Home for Adults,* 42 N.Y.2d 408, 397 N.Y.S.2d 967, 366 N.E.2d 1322, 1324 (1977) (holding that recipient

of subpoena duces tecum could challenge it by motion to quash or by filing objections).

**3.** Relator also argues that the notices do not contain a specific date. Relator interprets the notices to say that the deposition will occur sometime after the passage of 10 days. We do not address this specific contention because of our conclusion stated below.

Thus, according to relator, because the depositions had not yet taken place at the time of the hearing and order, objections were due and the trial judge abused her discretion in finding the objections waived. We agree that the objections were not due until the depositions were to occur. The real issue before us is whether the depositions occurred on July 18, the tenth day after the law firms received the subpoenas and notices and one day before relator filed its objections.

Because the notices in question were directed to non-parties, a subpoena was required. The subpoenas do not state the date or time the depositions on written questions will occur. Although it appears that the parties agreed that the documents could be produced on July 29, 1996, three days after the hearing, the parties dispute whether the original date for the depositions had passed. In fact, TMC steadfastly maintains that the deposition date was July 18, 1996 and that objections filed on July 19 were late. TMC also points out that it took a certificate of non-appearance as to one of the law firms, although the record does not contain that certificate. Relator maintains, on the other hand, that July 18 was not the deposition date, and that the date was not ascertainable from the subpoenas and notices.

Relator filed its objections on July 19. The subpoenas, contrary to the requirements of Rule 201, do not contain a date certain or a time certain when the depositions were to occur. In addition, even if TMC wanted us to engraft upon the subpoenas the specifics contained in the notices, we could not do that based on the facts of this case because the notices do not contain a time certain and may

not contain a specific date.[4] Furthermore, nothing else in the record reflects a date and time for the depositions to occur, or reflects that they did occur before July 19.[5]

Based on these facts, relator timely lodged its objections because there was no date and time certain for the depositions and, as of July 19 when the objections were filed, no depositions had occurred, nor were any answers due under Rule 166b(4).[6]

■ Finally, relator contends the trial court abused its discretion in ruling that relator waived its objections under Rule 166b(4) by failing to produce evidence in support of those objections at the hearing on July 26, 1996. As to Rule 166b, the order provides:

> If there was a right to assert a privilege, it must be timely and properly asserted. The requisites for preserving objections are set out in Rule 166b(4), TRCP. The rule requires that a party seeking to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity from discovery relied upon *and, at or prior to any hearing shall produce any evidence necessary to support such claim either in the form of affidavits served at least seven days before the hearing or by testimony.* [St. Luke's] advanced only the objections filed on July 19, 1996. No testimony and no affidavits were presented to support a claim of privilege. The claim of privilege, if any, was waived. [emphasis in original]

Rule 166b(4) provides in part:

**4.** By making this statement, we should not be understood to say that specifics from a notice can supply the details for a blank subpoena. We do not have to reach that issue in this case because neither of the documents contained sufficient details to enable the recipients to know exactly when the depositions would occur or to enable relator to determine when it should file its objections.

**5.** This statement should not be construed to mean that the subpoena does not control the time for the deposition.

**6.** TMC argues that relator has waived this argument because it was not made before the trial court. However, the issue of whether the deposi-

tions had already occurred was certainly an issue before the court, and relator maintained that the depositions had not occurred and thus, the objections were timely. That is precisely what we conclude today and what the trial court chose not to rule. We also note that the primary thrust of the motion and argument by TMC was that Rule 177a has a ten-day requirement and that the waiver language of Rule 208(3) includes substantive objections, which the court apparently agreed with. The focus at the hearing was not on Rule 201 or Rule 166b(4), although the order relied on them.

In objecting to an appropriate discovery request ... a party seeking to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity from discovery relied upon *and at or prior to any hearing shall produce any evidence necessary to support such claim* either in the form of affidavits served at least seven days before the hearing or by testimony.

TEX.R.CIV.P. 166b(4) (emphasis added).

Rule 166b(4) does require a party to produce evidence in support of an exemption or immunity from discovery "at or prior to any hearing...." TEX.R.CIV.P. 166b(4). Assuming for purposes of argument that the July 26 hearing normally would have been the time for relator to produce its evidence, we conclude that under the facts of this case it did not have to do so. At the hearing, counsel for TMC told the trial court that it had told relator there was no need to produce evidence of the privileges at this hearing:

> I told both gentlemen [counsel for relator from Vinson & Elkins and from Fulbright & Jaworski] that I did not expect them to produce documents today in camera. And I would not argue that the failure to do so somehow waives something. *I also told those gentlemen that I would not require them to produce evidence in support of their privileges today, and I would not argue that the lack of doing so somehow waived something* in an attempt to accommodate these fine law firms.
>
> In any event, that's all irrelevant and immaterial because St. Luke's, the client itself, waived the objections by failing to comply with the rules, issuances of the subpoena rules. [emphasis added]

Because TMC told relator's counsel, and the trial court, that TMC would not require the production of evidence in support of the privileges and that TMC would not argue the failure to produce such evidence was waiver, TMC may not be heard now to claim waiver for the failure to produce such evidence. TMC responds that, although they agreed not to require the law firms to produce evidence in support of the objections at the hearing on July 26, 1996, TMC did not enter into an agreement with *relator* not to require production of evidence in support of the privileges. The record does not support this argument. Instead, the record shows that TMC, like relator, believed the only issue before the court was whether relator had waived its privileges by failing to file its objections within ten days after service of the notices of deposition and subpoenas duces tecum. We conclude that this belief was reasonable under the circumstances. Thus, to the extent the trial court based its order on relator's failure to produce evidence of the privileges asserted, we find the trial court abused its discretion.

We conditionally grant the writ of mandamus. The writ will issue only if the trial judge refuses to vacate her order of July 26, 1996.