Joyce L. BRANTLEY d/b/a Boots
& Saddle Club, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE
COMMISSION, Appellee.

No. 06–99–00051–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 30, 1999.

Decided Aug. 31, 1999.

John Edward Choate, John Edward Choate, Jr., Conroe, for appellant.

Dewey E. Helmcamp, III, Asst. Atty. Gen., Administrative Law Division, Austin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Joyce L. Brantley d/b/a Boots & Saddle Club (Brantley) appeals from the district court's decision upholding the Texas Alcoholic Beverage Commission's (TABC) denial of Brantley's application for a beer retailer's on-premise and late hours license. We affirm the judgment of the district court.

In 1998, Brantley filed an application with the TABC for a beer retailer's on-premise and late hours license. The county judge of Montgomery County subsequently conducted an administrative hearing on the matter, and protesters intervened. Through the testimony of the protesters it was revealed that the proposed location of Brantley's club is in a noncommercial, residential area across the street from the homes of eight families. Several schools are located nearby, and children are frequently in the area. Concerned citizens, school officials, and a county commissioner all wrote letters opposing the issuance of the license, while Brantley presented a petition of support with over two hundred signatures. On October 30, 1998, the county judge denied Brantley's application pursuant to TEX. ALCO. BEV.CODE ANN. § 61.42(a)(3) (Vernon 1995) on the ground that "the place or manner in which the applicant ... may conduct his business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and sense of decency of the people." Brantley filed a motion for rehearing and a request for additional findings of fact, which the county judge denied.

On December 3, 1998, Brantley petitioned for review in the 9th Judicial District Court of Montgomery County. The district court reversed and remanded the cause to the county court, ordering the county judge to make findings of fact in support of his administrative decision. On remand, the county judge reiterated his prior conclusion that the general welfare of the people warranted denial of the license pursuant to TEX. ALCO. BEV.CODE ANN. § 61.42(a)(3). In support of his conclusion, the county judge stated that the proposed club "will be located in the middle of residential areas clearly effecting [sic] the quality of life and safety of children and adults," and "there are no other commercial businesses of any type located in this area." Moreover, the judge cited a second ground for denying the license, i.e., "the applicant ... does not have an adequate building available" pursuant to TEX. ALCO. BEV.CODE ANN. § 61.43(a)(5) (Vernon Supp. 1999). The court stated: "In viewing this establishment, it was determined that there is not adequate parking facilities to accommodate the patrons on busy nights or during special events." In response to these new findings, Brantley filed another motion for rehearing and a request for additional findings of fact, which the court denied.

On February 22, 1999, Brantley again petitioned for review in the district court, and on March 2 the district court affirmed the county court's order denying the license.

Brantley asserts multiple contentions on appeal that can be grouped into three basic points. She contends that the county judge's decision was erroneous because (1) it was not accompanied by a concise and explicit statement of the underlying facts supporting the findings; (2) it did not include findings of fact based only on the evidence and on matters that are officially noticed; and (3) it was not reasonably supported by substantial evidence.

■ In passing upon an application for a license to sell beer, the county judge acts in an administrative capacity as part of the licensing process of the TABC. *Lindsay v. Sterling,* 690 S.W.2d 560, 562 (Tex.1985). The Administrative Procedure Act (APA) sets forth the statutory requirements for the form of administrative decisions in contested cases. TEX. GOV'T CODE ANN. § 2001.141 (Vernon Pamph.1999). Section 2001.141(b) of the APA declares that such

administrative decisions "must include findings of fact and conclusions of law, separately stated." Section 2001.141(d) further provides that findings of fact that are set forth in statutory language "must be accompanied by a concise and explicit statement of the underlying facts supporting the findings."

■■■ The first issue is whether the county judge supported the statutory findings with a statement of the underlying facts as is required by Section 2001.141(b) and (d) of the APA. Although all administrative decisions in contested cases must include fact findings, no precise form is required for stating the underlying facts. *Goeke v. Houston Lighting & Power Co.*, 797 S.W.2d 12, 15 (Tex.1990). Indeed, the Texas Supreme Court has made it clear that reviewing courts should not subject administrative decisions to a "hypertechnical standard of review." *Goeke v. Houston Lighting & Power Co.*, 797 S.W.2d at 15 (citing *State Banking Bd. v. Allied Bank Marble Falls*, 748 S.W.2d 447, 448 (Tex. 1988)). It is only required that the fact findings inform the parties and the courts of the basis for the decision so the parties may intelligently prepare an appeal and the courts may properly exercise their review. *Goeke v. Houston Lighting & Power Co.*, 797 S.W.2d at 15.

On remand the county judge in this case stated two conclusions of law and properly included findings of fact, separately stated, for each conclusion. These findings of fact satisfy the purposes of Section 2001.141 of the APA by informing the parties and the reviewing courts of the basis for the decision so the parties may intelligently present an appeal and the courts may properly review the decision. Specifically, the county judge made findings that Brantley's club "will be located in the middle of residential areas clearly effecting [sic] the quality of life and safety of children and adults," and "there are no other commercial businesses of any type located in this area." Moreover, the court stated that "there is not adequate parking facilities to accommodate the patrons on busy nights or during special events." These findings adequately show the basis for the decision. We conclude that the county court satisfied the requirements of Section 2001.141(b) and (d) of the APA.

■■■ The next issue is whether the county judge's findings of fact are based on the evidence. Section 2001.141(c) of the APA requires that administrative decisions include findings of fact "based only on the evidence and on matters that are officially noticed." This requirement is designed to protect the fundamental due process rights of parties in the administrative process. *West Texas Util. Co. v. Office of Pub. Util. Counsel*, 896 S.W.2d 261 (Tex.App.-Austin 1995, no writ).

■■■ The county judge's legal conclusion that "the applicant ... does not have an adequate building available" is apparently based on the court's personal viewing of the proposed location. Brantley complains because the county judge based his opinion on his personal viewing of the building and location instead of testimony or documentary evidence introduced at the hearing. It is not error for the county judge to base his opinion on a personal viewing or inspection of the premises and an investigation of the general peace, morals, and safety of the people resulting from the proposed beer sales. *See Helms v. Texas Alcoholic Beverage Comm'n*, 700 S.W.2d 607 (Tex.App.-Corpus Christi 1985, no writ); *Texas Liquor Control Bd. v. Pompa*, 298 S.W.2d 605 (Tex.Civ.App.-San Antonio 1957, no writ). In considering an application for a retail beer permit, the county judge acts as an administrative officer, not in a judicial capacity. *Padgett v. Griffin*, 367 S.W.2d 222 (Tex.Civ.App.-Waco 1963, writ ref'd); *Texas Liquor Control Bd. v. Spivey*, 354 S.W.2d 424 (Tex. Civ.App.-Dallas 1962, no writ).

Moreover, the county judge's finding that the general welfare of the people warranted denial of the license is undoubtedly supported by fact findings that are based

on the evidence. There is evidence in the record to support the findings that Brantley's proposed club would be located in a residential area, that the safety and quality of life of children and adults may be affected, and that there is no other commercial business within 1.2 miles of the proposed location. Therefore, we conclude that the county judge complied with Section 2001.141(c) of the APA as to the legal conclusions and fact findings concerning the general welfare.

 The third and final issue raised by Brantley is whether the county judge's decision was reasonably supported by substantial evidence. All administrative decisions must be reviewed under the substantial evidence test. TEX. ALCO. BEV.CODE ANN. §§ 11.67(b), 61.34 (Vernon 1995). The appropriate test is whether the evidence as a whole is such that reasonable minds could have reached the same conclusion that the county judge reached to justify his decision. *Texas Alcoholic Beverage Comm'n v. Sierra*, 784 S.W.2d 359, 360 (Tex.1990). Substantial evidence need only be more than a scintilla; in fact, the evidence may greatly preponderate against the decision and still amount to substantial evidence in favor of the decision. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex.1984). We do not consider whether the county court's ruling was correct, but only whether some reasonable basis exists in the record for the ruling. *Texas Alcoholic Beverage Comm'n v. Sierra*, 784 S.W.2d at 361. We are not bound by the reasons given by the county judge in his order, provided there is a valid basis in the record for the ruling. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.*, 665 S.W.2d at 452; *Four Stars Food Mart, Inc. v. Texas Alcoholic Beverage Comm'n*, 923 S.W.2d 266, 270 (Tex.App.-Fort Worth 1996, no writ).

 The Texas Alcoholic Beverage Code states that a county judge shall refuse to approve a license where he has reasonable grounds to believe and finds that "the place or manner in which the applicant for a retail dealer's license may conduct his business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and sense of decency of the people." TEX. ALCO. BEV. CODE ANN. § 61.42(a)(3). The Code does not define how the place or manner in which a business might be operated would jeopardize the general welfare, health, peace, morals, or sense of decency of the people. The Texas Legislature has given the county courts great discretion in this determination, because such considerations cannot be determined by a set formula. *Four Stars Food Mart, Inc., v. Texas Alcoholic Beverage Comm'n*, 923 S.W.2d at 272. The courts have established that the location and surroundings of a proposed business can be proper grounds for refusal of a license based on the general welfare. *Jones v. Marsh*, 148 Tex. 362, 224 S.W.2d 198 (1949); *Helms v. Texas Alcoholic Beverage Comm'n*, 700 S.W.2d at 611; *Padgett v. Griffin*, 367 S.W.2d 222.

 Applying the substantial evidence test to this case, we cannot say there is no reasonable basis in the record for the county judge's ruling. As previously mentioned, concerned citizens, school officials, and a county commissioner all wrote letters opposing the issuance of the license on the ground it would be detrimental to the general welfare. The county judge was authorized to consider these letters even if the authors were not present to testify. *Helms v. Texas Alcoholic Beverage Comm'n*, 700 S.W.2d 607. Specifically, the county judge is authorized to consider the recommendations of the county commissioner in whose precinct the proposed location is situated. TEX. ALCO. BEV. CODE ANN. § 61.32(c) (Vernon Supp.1999). There is evidence that Brantley's proposed club would be located in a residential area, that there are no other commercial businesses within 1.2 miles of the area, that several schools are located nearby, and that children are frequently in the area. Considering the evidence as a whole, we

conclude that the county judge's decision is reasonably supported by substantial evidence.

Accordingly, we affirm the judgment.