Affirmed and Opinion filed June 24, 2004













Affirmed and Opinion filed
June 24, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01253-CV

____________

 

JOSE LUIS GARZA D/B/A TROPICANA
NIGHT CLUB,
Appellant

 

V.

 

TEXAS
ALCOHOLIC BEVERAGE COMMISSION, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 102,978

 



 

O P I N I O N

Appellant Jose Luis Garza appeals from the district court=s order upholding
the Texas Alcoholic Beverage Commission=s (ATABC@) denial of his application
to renew a beer and wine retailer=s on-premises
license and after-hours permit for the Tropicana Night Club in Rosenberg, Texas.  We affirm.

Background








After the TABC denied his
application for renewal of a beer and wine retailer=s on-premises
license and after hours permit for the Tropicana Night Club, Garza submitted an
application to the constitutional county court. 
The county judge conducted an administrative hearing, and on October 28,
1997, signed a judgment denying the application for renewal.[1]  In five issues, Garza contends the county
judge committed numerous violations of Garza=s due process rights
under the Texas and United States constitutions,
challenges the sufficiency of the evidence to support the county judge=s ruling, and
argues that various provisions of the Texas Alcoholic Beverage Code are
unconstitutionally vague.

Standard of Review

The county judge acts as an administrative hearing officer
for the TABC.  See Lindsay v. Sterling, 690 S.W.2d 560, 562 (Tex. 1985). 
The findings, inferences, conclusions, and decisions of the county judge
are presumed to be supported by substantial evidence, and the burden is on
appellant to prove otherwise.  See Texas Health Facilities v. Charter Med.-Dallas, 665
S.W.2d 446, 453 (Tex.
1984).  Substantial evidence is not proof
beyond a reasonable doubt or even a preponderance of the evidence; it need only
be more than a scintilla.  Charter
Med.-Dallas, 665 S.W.2d at 452.  An
administrative decision is reasonably supported by substantial evidence if the
evidence as a whole is such that a reasonable mind could have reached the same
conclusion the judge reached in order to justify his decision.  State v. PUC, 883 S.W.2d 190, 203 (Tex. 1994).  Evidence may actually preponderate against
the decision of an agency and still amount to substantial evidence.  Lewis v. Metro. Sav. & Loan Ass=n, 550 S.W.2d 11,
13 (Tex.
1977).  In applying the substantial
evidence test, this court is prohibited from substituting its judgment for that
of the agency as to the weight of the evidence on questions committed to agency
discretion.  Charter Med.-Dallas,
665 S.W.2d at 452.








Furthermore, regardless of the county judge=s stated reasons
for its order, a reviewing court may uphold the decision provided there is any
valid basis for it in the record.  Four
Stars Food Mart, Inc. v. Tex.
Alco. Bev. Comm=n, 923 S.W.2d 266, 270 (Tex. App.CFort Worth 1996,
no writ).  We may uphold the county judge=s decision if
there is substantial evidence to support one of the reasons given for
the judge=s decision.  Texas State Bd. of Med. Exam=rs v. Scheffey, 949 S.W.2d 431,
436 (Tex. App.CAustin 1997, writ denied).

The Findings of Fact and Conclusions of Law

We first consider Garza=s third
issue.  Garza argues no substantial
evidence supports the county judge=s findings of
fact, and the judge=s conclusions of law are arbitrary.  Section 61.42(a)(3) of the Texas Alcoholic
Beverage Code states that a county judge shall refuse to approve or renew a
license where he or she has reasonable grounds to believe and finds that Athe place or
manner in which the applicant for a retail dealer=s license may
conduct his business warrants a refusal of a license based on the general
welfare, health, peace, morals, safety, and sense of decency of the people.@  Tex.
Alco. Bev. Code Ann. ' 61.42(a)(3) (Vernon 1995).  Deciding how a business=s operation might
jeopardize the general welfare, health, peace, morals, safety, and sense of
decency of the community is left to the sound judgment and discretion of the
county judge.  See Four Stars Food
Mart, Inc., 923 S.W.2d at 272.

The county judge made the following findings of fact
relevant to our determination of whether substantial evidence exists to support
its ruling denying renewal of the license:[2]

$                  
Agent
Roland Garza of the TABC testified that the TABC filed three administrative actions
against Jose Luis Garza for sales to intoxicated persons, and Jose Luis Garza
agreed to a seven-day suspension for one of those actions.  Agent Garza also testified that the Tropicana
Night Club is a Abad place@ and attracts a criminal element;
traffic conditions at the club are dangerous; and there are frequent incidents
of disorderly conduct at the Tropicana Night Club.  Agent Garza also testified that he had many
discussions with Jose Luis Garza regarding minors drinking on the club
premises, serving intoxicated persons, heavy traffic, and lack of adequate
parking.








$                  
Robert
Gracia, Chief of Police of the City of Rosenberg,
testified that the Tropicana Night Club is a high-crime area; the Rosenberg police had responded to calls on or around the
Tropicana 334 times within the two years preceding the hearing; and Rosenberg police officers
were assaulted on some occasions when arrests were made.  Chief Gracia testified that Rosenberg had protested the renewal of the
club=s license in 1994 and the Rosenberg
City Council unanimously voted to protest Garza=s renewal application.  He further testified that the club has
inadequate security for the club itself and its parking lot, the City of Rosenberg had to supply
police officers for traffic control when the club closes at night, the club
fosters and attracts a criminal element, and there is excessive noise as a
result of the conduct of the club. 
Furthermore, Chief Gracia reported that the police department had
received numerous reports from residents at or around the Tropicana Night Club
regarding club customers urinating in their yards, thefts, assaults, vandalism,
and drug use by club customers.

$                  
Sergeant
John Placette of the TABC testified that he put Garza in touch with Chief Brady
of the Fort Bend Sheriff=s Department to facilitate Garza
obtaining security from the Sheriff=s Department for the club. 
Sergeant Placette testified that Garza entered into two written
agreements with Chief Brady in February of 1997, with a provision that Garza
would send his employees to a seller training course to avoid sales of alcohol
to intoxicated persons and minors. 
Sergeant Placette testified that Garza breached the agreements.  Sergeant Placette supervised an undercover
agent to determine if Garza changed his policies pursuant to the two letter
agreements with Chief Brady.  The
undercover agent observed sales to intoxicated persons after Garza entered into
the two agreements.  Sergeant Placette
also testified that the club had inadequate parking and the club served alcohol
to minors and intoxicated persons, exacerbating law enforcement problems at the
Tropicana Night Club.

$                  
Garza
has caused alcoholic beverages to be sold to intoxicated persons and to
minors.  He also has allowed minors to
illegally possess and consume alcoholic beverages on the club premises.

$                  
Garza
has knowledge of the criminal activity at the club and has failed to remedy the
situation.

$                  
The
conduct of Garza=s business has created a dangerous
traffic hazard and created a nuisance to the residents in the surrounding area,
which is primarily residential, and greatly jeopardized their safety.

$                  
Garza
has conducted his business in a manner that driveways and alleys have been
blocked or obstructed by customers= parking.

$                  
Disorderly
conduct by juveniles and adults frequently occurs at the Tropicana Night Club,
and juvenile curfew violations have occurred on the club premises.








$                  
During
the time period relevant to the hearing, the TABC has filed 15 citations for public
intoxication, 9 for minors in possession of an alcoholic beverage, 1 for sale
of alcohol to an intoxicated person, 6 for misdemeanor offenses, and 3
administrative cases relating to sales to intoxicated persons in relation to
the operation of the Tropicana Night Club.

$                  
Records
of the Justice of the Peace Court reflect that for a two-year period preceding
the hearing, there were 80 citations for minors in possession, 24 for public
intoxication, and 12 for disorderly conduct as a result of the operation of the
Tropicana Night Club.

$                  
The
Fort Bend Sheriff=s Department has filed 25 citations
and/or arrests for public intoxication, 11 for disorderly conduct, and 77 for
minors in possession of alcoholic beverage relating to the operation of the
Tropicana Night Club.

$                  
The
Rosenberg Police Department has filed 28 citations and/or arrests for public
intoxications, 6 for assault, 6 for disorderly conduct, 7 for curfew
violations, 1 for possession of drug paraphernalia, 3 for minors in possession
of an alcoholic beverage, and 1 for failure to supervise a minor in relation to
the operation of the Tropicana Night Club.

$                  
Convictions
in district court relating to the operation of the Tropicana Night Club include
2 assaults on a police officer, one class A misdemeanor, and one aggravated
assault.

$                  
Convictions
in county court relating to the operation of the Tropicana Night Club include
one interference with a public servant (police officer), one possession of
marijuana, one class A assault, one class A assault/bond forfeiture, and one
juvenile adjudicated guilty of delinquent conduct.

 

The county judge denied Garza=s renewal
application on a number of grounds enumerated in the county judge=s conclusions of
law, one of which is that the place or manner in which Garza conducts his
business warrants a refusal of a renewal license based on the general welfare,
health, peace, morals, safety, and sense of decency of the people.  See Tex.
Alco. Bev. Code Ann. ' 61.42(3).  After reviewing the record, we conclude
substantial evidence in the record supports the county judge=s decision.  The extensive testimony of Agent Garza, Chief
Gracia, and Sergeant Placette, as well as the numerous exhibits admitted during
the hearing, supports the county judge=s findings of fact
and conclusions of law.








In his fourth issue, Garza contends that the county judge=s findings of fact
and conclusions of law are not accompanied by a statement of the underlying
facts, which he claims is required by section 2001.141(d) of the Administrative
Procedure Act.  Section 2001.141 provides
that if findings of fact are set forth in statutory language, they Amust be
accompanied by a concise and explicit statement of the underlying facts
supporting the findings.@  Tex. Gov=t Code Ann. ' 2001.141 (Vernon 2000).  However, A[a]lthough all
administrative decisions in contested cases must include fact findings, no
precise form is required for stating the underlying facts.@  Brantley v. Tex. Alco. Bev. Comm=n, 1 S.W.3d 343,
346 (Tex. App.CTexarkana 1999, no pet.) (citing Goeke
v. Houston Lighting & Power Co., 797 S.W.2d 12, 15 (Tex. 1990)). 
AThe Texas Supreme
Court has made it clear that reviewing courts should not subject administrative
decisions to a >hypertechnical standard of review.=@  Id.
(citing Goeke, 797 S.W.2d at 15).

Here, the county judge=s fact findings
informed the parties and the courts of the basis for the decision, allowing the
parties to prepare their appeal and receive proper appellate review by the
district court and this court.  The
findings of fact set forth in detail the wrongful conduct that is the basis for
and supports the county court=s decision.  The findings are not couched in statutory
terms, and they are supported by conclusions of law.  That is all that is required.  See id. (AIt is only
required that the fact findings inform the parties and the courts of the basis
for the decision so the parties may intelligently prepare an appeal and the
courts may properly exercise their review.@) (citing Goeke,
797 S.W.2d at 15).  Thus, appellant=s third and fourth
issues are overruled.

                                Constitutionality
of Section 61.42(a)(3)








In his fifth issue, Garza challenges the constitutionality
of section 61.42(a)(3)[3]
of the  Alcoholic Beverage Code.  Garza argues that the provision is
unconstitutionally vague under the Texas and United States
constitutions because it fails to define key words or phrases in such a manner
that it provides sufficient and fair notice to licensees as to the proscribed
conduct.  He also argues that section
61.42(a)(3) invites arbitrary and discriminatory enforcement by failing to
establish guidelines for those charged with enforcing the law.  This court has previously considered and
rejected an argument that section 61.42(a)(3) is unconstitutionally vague.  See El-Kareh v. Tex. Alco. Bev. Comm=n, 874 S.W.2d 192,
196B97 (Tex. App.CHouston [14th
Dist.] 1994, no writ) (citing Helms v. Tex. Alco. Bev. Comm=n, 700 S.W.2d 607,
614 (Tex. App.CCorpus Christi 1985, no writ)).  

Garza also contends that sections 61.43(a)(3), 61.43(a)(4),
61.43(a)(9), 61.43(a)(10), 101.62, 101.63, and 101.69 of the Alcoholic Beverage
Code are unconstitutional because of vagueness. 
However, we need not address the constitutionality of these statutory
provisions because we have affirmed the county judge=s ruling based on
section 61.42(a)(3).  See Scheffey,
949 S.W.2d at 436 (affirming judgment of trial court on the basis that
substantial evidence supported one of the reasons given for the judge=s decision).  Thus, Garza=s fifth issue is
overruled.

                                             Inadmissible
Evidence

In his second issue, Garza contends the county judge abused
his discretion by admitting legally inadmissible evidence during the hearing
and requests this court to vacate the judgment. 
Garza, however, does not inform this court of the evidence to which he
is referring, why the evidence is inadmissible, or how its admission
substantially prejudiced his rights. 
Accordingly, Garza has waived this issue by failing to properly brief
it.  See Tex. R. App. P. 38.1(h).

                                                Limits
on Evidence








In his first issue, Garza makes a number of arguments,
which he has categorized by subissues. 
Garza generally alleges he was deprived of due process under the Texas and United
 States constitutions because he did not have
a fair hearing.  In subissue 1A, Garza
challenges the county judge=s limitation of
both sides to five witnesses.  Garza
claims that he was unable to rebut the testimony of the City of Rosenberg=s witnesses
because of the limit on the number of witnesses.  In subissue 1B, Garza also claims that the
county court would not allow him to offer any evidence to refute evidence that
a disproportionate amount of time was spent by the Rosenberg Police Department
in policing the Tropicana Night Club.

After the parties informed the county judge of the
witnesses they intended to call and the scope and intended purpose of their
testimony, the judge limited each party to the presentment of five
witnesses.  When Garza had called five
witnesses during his case-in-chief, the county judge reminded the parties of
the limit and noted that the parties had already put on cumulative
testimony.  Section 2001.082 of the
Government Code provides that Ain a contested
case, evidence that is irrelevant, immaterial or unduly repetitious shall be
excluded.@  Tex. Gov=t Code Ann. ' 2001.082 (Vernon 2000).  Furthermore, a provision of the
Administrative Code in effect at the time of the hearing gave the county judge
the Aright . . . to limit
the number of witnesses whose testimony is merely cumulative.@  16 Tex.
Admin. Code ' 37.33 (repealed 2001).  Accordingly, the county judge did not abuse
his discretion because the limitations imposed were proper to avoid to
immaterial, irrelevant, and unduly repetitious evidence.  See id; see also Tex. Gov=t Code Ann. ' 2001.082. 








Even with the limitation of five witnesses, the contested
hearing consisted of 12 days of testimony, including five days of
cross-examination of Chief Gracia by Garza=s counsel.  Garza=s counsel
questioned Chief Gracia extensively about the Rosenberg Police Department=s involvement with
the Tropicana Night Club, as well as the department=s responses to
calls relating to other bars or night clubs and citations or crimes arising out
of other night clubs and bars.  The
county judge imposed only a few limits on Garza=s examination, and
Garza had ample opportunity to cross-examine the City of Rosenberg=s witnesses.  To the extent he did impose some limits, the county
judge was well within his discretion to do so. 
A[D]ue process does
not require that administrative proceedings have the full procedural framework
of a civil trial.@  City
of Corpus Christi v. Pub. Util. Comm=n of Texas, 51 S.W.3d 231,
261 (Tex. 2001) (disapproving limitation of 39 minutes to cross-examine 36
witnesses, which was further reduced by any time used to present opening
statement); cf. Rector v. Tex. Alco. Bev. Comm=n, 599 S.W.2d 800,
800 (Tex. 1980) (petitioner was denied due process because he was denied the
right to cross-examine any witnesses and witnesses were not sworn).

                                                       Discovery

In subissue 1C, Garza contends the county judge erred by
not allowing him to compel discovery and by quashing subpoenas for records
showing activity at similar clubs.  The
record reflects that Garza=s counsel
extensively questioned witnesses, including Chief Gracia and Sergeant Placette,
about clubs similar to the Tropicana Night Club and police enforcement at those
clubs.  As we noted above, the county judge
is required to exclude evidence that is irrelevant, immaterial or unduly
repetitious.  See Tex. Gov=t Code Ann. ' 2001.082. 
The county judge could have considered additional evidence of activity
at other clubs similar to the Tropicana Night Club as irrelevant or unduly
repetitious.  Consequently, the county
judge had the discretion to quash subpoenas seeking additional discovery
relating to those clubs on the grounds that the discovery sought was not
relevant and the burden of seeking the materials outweighed its value,
considering that Garza did and could question witnesses about police
enforcement at other bars or night clubs. 
See generally St. Luke=s Episcopal Hosp.
v. Garcia, 928 S.W.2d 307, 310 (Tex. App.CHouston [14th
Dist.] 1996, orig. proceeding) (listing factors relevant to determining whether
subpoena duces tecum is unreasonable or oppressive as including quantity of
materials, ease or difficulty of collecting and transporting the materials,
length of time before deposition, availability of the information from other
sources, and relevance of the materials). 








In subissue 1E, Garza argues the county judge improperly
admitted documents and witness testimony not timely produced or disclosed
during discovery despite his timely objections to the evidence.  Garza only cites Anumerous police
reports@ as an example of
evidence that was admitted although it was not timely produced, but he
otherwise fails to develop this argument on appeal.  He does not refer to particular witnesses or
to particular witness testimony that was improperly admitted.  Nor does he cite to any specific documents
improperly admitted into evidence. 
Accordingly, Garza has waived this issue on appeal by improperly
briefing it.  See Tex. R. App. P. 38.1(h).[4]
  

                                         Statutory
Notice of Hearing








In subissue 1D, Garza argues the county judge allowed
inadequate notice of the hearing and admitted evidence outside the scope of the
notice.  Garza=s claim that the
notice was inadequate lacks merit.  Section
2001.051 of the Administrative Procedure Act provides that in a contested
hearing, each party is entitled to an opportunity Afor hearing after
reasonable notice of not less than 10 days@ and Ato respond and to present
evidence and argument on each issue involved in the case.@  Tex.
Gov=t Code Ann. ' 2001.051 (Vernon 2000).  Section 2001.052 sets forth the mandatory
requirements of the notice.  The notice
must include (1) a statement of the time, place, and nature of the hearing; (2)
a statement of the legal authority and jurisdiction under which the hearing is
to be held; (3) a reference to the particular sections of the statutes and
rules involved; and (4) a short, plain statement of the matters asserted.  Tex. Gov=t Code Ann. ' 2001.052(a)
(Vernon 2000).  An initial notice may be
limited to a statement of the issues involved. 
Id. ' 2001.052(b).  The original notice contained the date of the
hearing, location and time.  It also
cited section 61.42(a)(3) of the Alcoholic Beverage Code as the basis for
refusal of the permit=s renewal. 
The notice also referred to a list of incidents that occurred at or near
the Tropicana Night Club during the two years preceding the date of the
notice.  In response to objections Garza
filed, the City of Rosenberg filed a motion for an amended notice and requested
that Garza be given 14 days to complete his investigation.  The amended notice charged the Tropicana
Night Club and Garza with additional violations of the Alcoholic Beverage Code
and described other complaints and incidences. 
Sections 2001.051 and 2001.052 do not require the notice to describe in
detailCby name, place or
dateCevery instance,
conduct, or criminal offense giving rise to the TABC=s denial of Garza=s renewal application.  Only a short and plain statement of the
matters asserted is required.  These
notices gave Garza sufficient notice.  See,
e.g., Tex. Alco. Bev. Comm=n v. Mini, Inc., 832 S.W.2d 147,
151 (Tex. App.CHouston [14th Dist.] 1992, writ denied)
(concluding that notice charging the permittee with allowing a breach of the
peace to occur on his premises was not unconstitutionally vague and complied
with statute requiring a short and plain statement of matters asserted, even
though it did not identify the persons who should have been supervised by the
permittee or in what manner the person should have been supervised).  Garza=s claim that
evidence was admitted outside the scope of the notice has not been properly
briefed.  He does not inform this court
what evidence was admitted outside the scope of the notice, and accordingly,
has waived this complaint on appeal.  See
Tex. R. App. P. 38.1(h).

Having addressed each of Garza=s subissues, we
overrule Garza=s first issue.

The judgment of the district court is affirmed.

 

 

 

 

/s/      Leslie
Brock Yates

Justice

 

 

 

Judgment rendered
and Opinion filed June 24, 2004.

Panel consists of
Justices Yates, Hudson, and Fowler.

 











[1]  On January 9, 1998, Garza appealed
the county judge=s order to the 268th District
Court.  The district court vacated the
administrative judgment, holding that the county judge had committed reversible
error by limiting Garza to presentment of five witnesses.  After a second hearing by the county judge,
who again denied the renewal, an appeal and petition for review ensued.  Because the district court had not rendered
judgment on Garza=s first appeal within the
statutorily-required ten day period, the county court=s first judgment denying the
renewal request had been affirmed by operation of law.  Garza v. Tex. Alco. Bev. Comm=n, 89 S.W.3d 1, 2, 10 (Tex. 2002).  Accordingly, the Texas Supreme Court affirmed
the court of appeals= judgment, which had dismissed the
appeal for want of jurisdiction.  Id.





[2]  The county
judge=s findings of fact and conclusions of law are
factually detailed and lengthy, but for purposes of our opinion, we need only
discuss those fact findings pertinent to our inquiry into whether substantial
evidence supports the county judge=s
decision.





[3]  Section 61.42
provides in pertinent part as follows:

(a) The county judge shall refuse to approve an
application for a license as a distributor or retailer if he has reasonable
grounds to believe and finds that:

. . . 

(3) the place or manner in which the applicant for a
retail dealer's license may conduct his business warrants a refusal of a
license based on the general welfare, health, peace, morals, safety, and sense
of decency of the people;

Tex. Alco. Bev. Code Ann. ' 61.42(a)(3).

 





[4]  In any event, we have reviewed the
record, and Garza=s counsel=s objection that documents were
admitted during the testimony of Chief Gracia, which were not made available to
him during discovery, is without merit. 
Counsel for the City of Rosenberg informed the court that the documents
were provided to Garza as soon as practicable. 
Garza incorrectly argued that discovery could not be produced to him
during the hearing or after its start under any circumstances.  That is not a correct interpretation of
relevant Texas authority.  See Tex. R. Civ. P. 193.6(a) (stating that
party who fails to timely make, amend, or supplement discovery before trial may
not introduce evidence or offer testimony of witness not timely disclosed,
unless the trial court finds there was good cause for the failure to timely
make, amend, or supplement the discovery response or the failure to timely
make, amend, or supplement the discovery response will not unfairly surprise or
unfairly prejudice the other parties). 
Here, Garza was afforded ample opportunity to examine the records, and
he was able to extensively question witnesses regarding the documents.  Garza does not show how he was unfairly
prejudiced by the admission of any documents or the testimony of any witnesses.